95 So.2d 581 (1957)
FLORIDA FUEL OIL, Inc., a Florida corporation, Appellant,
v.
SPRINGS VILLAS, Inc., a Florida corporation, Appellee.
Supreme Court of Florida, Division A.
June 5, 1957.
*582 Hendricks & Hendricks, Miami, for appellant.
George C. McCaugham, Miami, for appellee.
THORNAL, Justice.
Appellant, Florida Fuel Oil, Inc., seeks reversal of a final order of the Circuit Judge sustaining a motion to dismiss with prejudice its counterclaim by which it sought to add certain third parties to a law action.
The point involved is whether, under the circumstances reflected by this record, 30 F.S.A. Rule 1.13(8), Florida Rules of Civil Procedure permits the counterclaim here asserted against third persons who were not parties to the original suit.
Springs Villas, Inc. was the original plaintiff. It filed a complaint against Florida Fuel Oil, Inc. in three counts. In one count it is alleged that Florida Fuel Oil contracted with Springs Villas to furnish and install an air conditioning and heating unit according to certain plans and specifications. In this count it alleged that appellant failed to install the system in accordance with the plans and specifications. By the second count it was alleged that appellant was negligent in the installation. By the third count it was alleged that the appellant breached its contract guaranteeing the materials and services for one year after the installation.
By pleading designated "counterclaim" appellant, Florida Fuel Oil, sought to bring into the case cross-defendants Petersen and Shuflin. By the "counterclaim" appellant alleged that Petersen and Shuflin were the architects who drew the plans and by these plans specified the particular type of air conditioning equipment to be used. It is claimed that the plans were negligently and carelessly drawn and appellant, Florida Fuel Oil, Inc., relied upon them. The air conditioning contractor by the counterclaim asked for a judgment against the architects in any amount that might ultimately be entered against it in favor of the plaintiff, Springs Villas. The trial judge sustained a motion to dismiss the counterclaim and by his order dismissed the same with prejudice. Reversal of this order is sought by this appeal.
The appellant contends that if it has any liability to the owner, Springs Villas, it results from the alleged negligence of the architects drawing the plans and that Rule 1.13(8), Florida Rules of Civil Procedure permits the assertion of the claim against the architects in this proceeding so that the entire matter may be disposed of in one case.
The appellees, Petersen and Shuflin, who are the architects, contend that they owed no duty to the air conditioning contractor and further that the claim asserted against the appellant contractor by the plaintiff below is completely unrelated to the claim attempted to be asserted against them by the contractor.
Although the pleading is designated a "counterclaim", it could be more *583 accurately described as a cross-claim. A counterclaim is a claim asserted by a defendant against a plaintiff. A cross-claim is a claim asserted by a defendant against a co-defendant or against a third party who might properly be brought into the cause. Disregarding this technicality, however, we proceed to the merits.
Rule 1.13(8), Florida Rules of Civil Procedure reads as follows:
"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants if jurisdiction of them can be obtained, and their joinder will not deprive the court of jurisdiction of the action."
Appellant relies on this rule to sustain its position that the cross-claim should have been permitted. To support its contention appellant refers to Ford Motor Co. v. Milby, 4 Cir., 210 F.2d 137; and Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F.2d 842. On a casual examination the cited cases might appear to lend some support to appellant's position. A more thorough examination, however, not only reveals that the facts are distinguishable but also indicates that the decisions turn on a construction of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which authorizes a defendant to bring into a cause any "person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Emphasis supplied.) In the Florida Rules we do not find any rule comparable or analogous to Federal Rule 14. Even if we did have such a rule, however, it could offer no comfort to the appellant in the instant case.
It will be noted that under Federal Rule 14 the cross-claim is permitted against a third party who may be liable to the cross-claimant for all or a part of the original plaintiff's claim. No such situation could possibly exist in the case before us. The original plaintiff sued the appellant for failure to install the air conditioning unit in accordance with the plans and specifications and in the alternative for negligence in the installation, and in the further alternative for breach of contract of guaranty. It is perfectly obvious, therefore, that any alleged negligence by the architects would have no bearing whatsoever upon the air conditioning contractor's ultimate liability to the original plaintiff on the basis of the complaint filed by the plaintiff below.
The issue tendered by the cross-claim is completely and totally immaterial and unrelated to the issues tendered by the original complaint. The very claim asserted by the appellant against the appellee-architects would in and of itself amount to a defense against the original complaint. This is not a situation where a defendant seeks to bring into the principal case one who is indemnitor against liability of the defendant to the original plaintiff. The appellant here merely sought by counterclaim to introduce in the case below a completely new, separate and totally unrelated action against third parties.
The trial judge, therefore, properly sustained the motion to dismiss the cross-claim. Although no liability by the appellee-architects to the appellant-contractor is reflected by this record, it is conceivable that the appellant might in some fashion by separate suit support a claim against them. The affirmance of the judgment, therefore, shall be without prejudice to any rights which the appellant might assert against the appellee-architects by separate suit.
Affirmed.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., concur.