134 So.2d 785 (1961)
FLORIDA REAL ESTATE COMMISSION, a statutory commission under the Laws of the State of Florida, et al., Appellants,
v.
Milton J. HARRIS, Appellee.
No. 31102.
Supreme Court of Florida.
October 25, 1961.
Rehearing Denied December 11, 1961.
Benjamin T. Shuman and Frank A. Wilkinson, Winter Park, for appellants.
Julius Jay Perlmutter, Miami Beach, for appellee.
DREW, Justice
This appeal comes directly to this Court pursuant to Article V, Section 4(2), Constitution of the State of Florida F.S.A. and Rule 2.1, subd. a(5) (a), Florida Appellate Rules, 31 F.S.A. The present appellants (hereafter called the Commission) were defendants below in injunctive proceedings brought by the appellee (hereafter called the broker). The commission revoked the broker's registration by its order dated June 18, 1958[1] due to confinement in a *786 federal institution for the offense of income tax evasion. Review of the revocation order was affirmed by the circuit court, certiorari to review such affirmance was denied in the District Court of Appeal, Third District[2] and in this Court.[3] Thereafter the broker filed a complaint in circuit court asserting the unconstitutionality of Section 475.25(2), Florida Statutes (1957), F.S.A. and to enjoin the Commission from interfering with the broker's retention of his registration certificate.[4] The circuit *787 court, in acting favorably to the broker in this later litigation, held:
"The challenged Sub-Section (2) of Florida Statute 475.25 is unconstitutional and invalid, and shall not apply to the position and cause of the plaintiff."
This appeal is from that final decree.
The two issues vital to the decision have been stated by the Commission inter alia as:
Where a petition for certiorari, filed as a method of seeking appellate review of an administrative order entered against a real estate broker under the provisions of Chapter 475, Florida Statutes is denied, is the cause between the parties res judicata so as to preclude an order enjoining the enforcement of the administrative order against the broker?
and
Is the word, "confined" as used in subsection 475.25(2) Florida Statutes, so vague and indefinite as to constitute said act invalid as either the invalid delegation of a legislative power or the legislative delegation of an invalid power?
These questions will be considered seriatim.
Section 475.25(2) provides for the revocation of the registration of a real estate broker by the Florida Real Estate Commission, if a broker "* * * is confined in any state or federal prison, or insane asylum * * *."
In the first proceedings the broker did not allege the unconstitutionality of the relevant section. The certiorari proceeding in the district court did not reach the merits, but was dismissed for failure to file within the time provided for applications for certiorari. This Court denied certiorari without opinion which, under numerous decisions of this Court, decides nothing except that we chose not to grant the writ. It is, therefore, to the petition for writ of certiorari filed in the circuit court and that court's order disposing of the case that we must turn to determine if the matters at issue or the points controverted were actually litigated and were, therefore, res adjudicata. The germane portions of the petition are to be found in sections 10 and 11:
"10. That by reason of said revocation, the said Florida Real Estate Commission exceeded the bounds of its duly constituted authority and such order of revocation was contrary to the Constitution of the State of Florida, and violates Section 12 of the Declaration of Rights of the Florida Constitution which in part provides:
"`No person shall * * * be deprived of life, liberty or property without due process of law.'
"11. That it is evident from the record that the Florida Real Estate *788 Commission exceeded its bounds and authority under the duly constituted law, and your petitioner was deprived of a full and complete hearing under the due process of law, and from the record, itself, it is evident that the license of your petitioner should not have been revoked."
In denying the petition the circuit court construed the statute in question stating:
"This cause came on to be heard on the 11th day of December 1958 upon a Petition for Writ of Certiorari filed by Milton J. Harris, the record before the Florida Real Estate Commission and the briefs filed by the respective parties hereto and the Court having heard and considered the oral argument of counsel for the respective parties and being fully advised in the premises is of the opinion that the language of Chapter [section] 475.25(2) `* * * is confined in any State or Federal prison * * *' relates to the time the Information is filed or served upon the registrant or real estate licensee and not to the time that the licensee files his answer or reply. The undisputed facts in this case reflect that the Petitioner was in fact confined in the Federal Correctional Institution at Tallahassee, Florida (conceded to be a Federal prison within the meaning of the statute) and that he was so confined at the time his motion for enlargement of time in which to file his answer was filed with the commission. As a matter of fact, it was upon this ground that the commission extended the time in which to file his answer or reply. However at the time the answer was filed, the Petitioner was no longer actually `confined' in the Federal prison. Petitioners principal contention is that since he was no longer confined at the time of filing his reply or answer that the above mentioned statute is not applicable to him. With this contention the Court does not agree.
"To give a construction to the statute contended for by the Petitioner would not be construing the statute strictly, but would be giving it a strained construction. While it is not necessary insofar as the facts in this case are concerned to rule that confinement in a State or Federal prison would be prejudicial to a licensee even though the Information was filed subsequent to the period of confinement, it is apparent that the legislative intent was to make such confinement a ground for revocation. In this case the confinement was in existence and present when the petition was filed. This is sufficient under the statute to revoke.
"The Court has examined the other questions involved and finds no denial of any substantial constitutional or statutory right.
"It is therefore, Ordered, Adjudged and Decreed that the Petition for Writ of Certiorari be and the same is hereby denied."
We neither favor piecemeal review[5] nor the allowing a litigant the right to two appeals.[6] We have held many times that a judgment is conclusive as to defenses which have or might have been set up.[7]
*789 In the Codomo case,[8] decided by this Court approximately a year prior to the foregoing decision disposing of the petition for writ of certiorari by the Dade County Circuit Court, this Court held that the circuit court had jurisdiction to review by certiorari an order of the Florida Real Estate Commission as was done in this case. Moreover, in the Furen[9] case, this Court determined that where the jurisdiction of the circuit court was properly invoked to review the actions of administrative officers, boards, commissions or other tribunals, such proceedings became for the first time a case within the judicial system of the state government. This being true, the decision of the circuit court, in passing upon the matters presented to it in the petition for certiorari by the broker in this cause, became a judgment of a trial court of this state subject to review by an appropriate appellate court under the applicable provisions of the Florida Constitution and the Florida Appellate Rules.[10] If, as in this instance, the circuit court directly passed upon the validity of a state statute, such decree became reviewable by direct appeal to this Court,[11] if our jurisdiction were invoked within the time fixed by the Legislature for that purpose.[12]
There is no authority for the procedure followed by the broker in his attempt to review the actions of the circuit court in the manner attempted and more fully discussed in the preceding portions of this opinion, even had such action been taken within the period allowed by statute. All of this leads to the inescapable conclusion that, insofar as the revocation of this broker's license by this commission is concerned, the decree of the Circuit Court of Dade County in the original certiorari proceeding upholding the revocation of the license became final as between these parties upon the expiration of the appeal period. The cause of action and the parties in the subsequent proceedings (the proceedings involved directly in this appeal) were identical and, as between these parties, the matter was res adjudicata. This defense, properly and timely interposed by the commission in the trial court should have been sustained by it. It was error to fail to do so
The conclusion we reach precludes us from passing upon the validity of the questioned statute.[13] We particularly do not pass upon that portion of it which provides for the revocation of a broker's license in the event he "is confined in any state or federal prison or insane asylum". Moreover, neither do we decide the question of whether this broker, having admittedly been duly convicted of the offense of income tax evasion and having been admittedly legally imprisoned for nearly four months in a federal prison is so affected by said statute as to be in a position to question its constitutionality in this respect.[14]
The decree of the circuit court is reversed with directions to dismiss the complaint.
ROBERTS, C.J., and THORNAL and O'CONNELL, JJ., concur.
*790 TERRELL, THOMAS and HOBSON, JJ., dissent.
THOMAS, Justice (dissenting).
The opinion begins with the statement that the appeal has come direct to this court under the provisions of Sec. 4(2), Art. V of the Constitution and Rule 2.1, subd. a(5) (a), Florida Appellate Rules, that such an appeal may be taken to this court "as a matter of right" from a judgment or decree directly determining the validity of a state statute.
The opinion ends with the declaration that because of the attitude toward other features of the litigation the court is precluded "from passing upon the validity of the questioned statute." With such a position I cannot agree.
There can be no doubt from the simple wording of the constitutional guaranty that a right of appeal to this court vests in a litigant the moment a judgment or decree is entered judging the validity or invalidity of a state statute. My concern is with the duty of this court once the case arrives here. It seems to me inconsistent to recognize the appeal from such a judgment or decree as a vehicle to bring into play the power of this court to review and then to discard the basic question as unnecessary of decision and adjudicate other issues which, without the basic question would be matters for decision by District Courts of Appeal.
Of course, the constitutional question must be substantial. Evans v. Carroll, Fla., 104 So.2d 375. If found to be merely colorable, as in that case, the matter will be transferred to the District Court of Appeal. The order of the cited case is significant here: "All other points raised relate to matters within the ordinary appellate jurisdiction of the district courts. In accord with 31 F.S.A. Rule 2.1, subd. a(5) (d), Florida Appellate Rules [providing for transfer of a cause to the appellate court having jurisdiction where the jurisdiction of another appellate court has been improvidently invoked] the notice of appeal and all other papers filed herein shall at the expiration of five days from the filing of this opinion be transferred to the District Court of Appeal of Florida, Second District." (Italics supplied.)
So in the cited case, the court decided that as the constitutional question was colorable the case would be transferred to the District Court of Appeal which had jurisdiction to determine all other issues; in this case all other issues are entertained although the constitutional question need not even be decided. A comparison of the reasoning in the cited and present cases brings the strange result that the court will shun a case in which the constitutional question is colorable and embrace one in which such a question is nonessential.
For scores of years, it was a familiar rule that a court would not pass upon the constitutionality of an act unless it was necessary to a disposition of a case. But this rule seems now to be inapposite because of the respective jurisdictions of the Supreme Court and the District Courts of Appeal as defined in the amendment of Article V of the Constitution, effective 1 July 1957.
Before that time a case like this would have come here with or without a direct ruling on the constitutionality of a statute so that if a decision of that question was declined, the jurisdiction to dispose of other questions would not be disturbed. Now the system is quite different because in the absence of a substantial constitutional question of the kind defined in the Constitution, the jurisdiction of this court cannot attach and the power to determine related matters is exclusively that of the District Courts of Appeal.
Perhaps the opinion of the court on the issues irrespective of the basic constitutional jurisdictional question is correct, but I cannot agree that the court can discard that question and retain jurisdiction of the *791 other matters which without it fall within the jurisdiction of the District Court of Appeal.
I cannot agree that the jurisdictional feature now said to be irrelevant can be used at once to vest jurisdiction in this court and divest the District Court of Appeal of the power that tribunal exercises by virtue of express provision of the Constitution. In my opinion, if this court decides that the question so lacks relevancy that it should be disregarded then the power of this court ceases and an attempt to go further amounts to usurpation of the power of the District Court of Appeal.
In sum, it is my conviction that this court should either pass upon the ruling dealing with the constitutionality of the act in question or transfer the case to the District Court of Appeal where it belongs.
I dissent.
TERRELL and HOBSON, JJ., concur.
NOTES
[1] The germane portions of the order of revocation of the Commission follow:

"That the defendant Milton J. Harris is now, and was at the time of the filing of the Information in this cause and at all times hereinafter mentioned, a registered real estate broker, and that the defendant Milton J. Harris was on the 20th day of April, A.D. 1956, adjudged to have been convicted upon a verdict of guilty of the offense of knowingly and willfully attempting to evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1946, and pursuant thereto, was sentenced for a period of six months and fined the sum of $2,000.00 and that thereafter in accordance with due process of law, the defendant was ordered and directed to surrender at the office of the United States Marshal, Tallahassee, Florida, on or before 12:00 o'clock noon on the 7th day of January, A.D. 1958, to commence the sentence imposed upon him as aforesaid, pursuant to which order the defendant did so surrender and was confined in the Federal Correctional Institution at Tallahassee, and that by reason thereof, revocation of the defendant's registration as a registered real estate broker is mandatory under the provisions of Section 475.25(2), Florida Statutes.
"It is, therefore, Ordered and Adjudged that the registration of the defendant, Milton J. Harris, as a registered real estate broker be, and the same is hereby, revoked."
[2] Harris v. Condermann, Fla.App. 1959, 113 So.2d 235.
[3] Certiorari denied without opinion, Fla. 1959, 117 So.2d 495.
[4] Pertinent portions of the complaint follow:

"D. That the plaintiff has been in the real estate business for the past 38 years, that he is 59 years of age, and has never been involved in any negotiation or real estate business undertaking which was not above circumspection; that he has worked with clients in most of the states in the United States and foreign countries without any adverse results, publicity, complaints or criticism.
"E. More particularly, Plaintiff never had his license suspended or revoked by the Florida Real Estate Commission for even one minute for any act or action on his part or any course of conduct requiring criticism.
"F. Most specifically, Plaintiff was never charged, convicted or confined in any prison, certainly not `in any State or Federal prison' in connection with any transaction or attempted transaction, effort, service, or function as a registered real estate broker of the State of Florida during his entire career as a real estate broker.
V.
"That the plaintiff is entitled by virtue of his compliance with the Real Estate License Law requirements of Florida to function and operate a real estate brokerage operation as a duly licensed real estate broker; and that such right is a constitutional one which cannot and should not be permitted to be abridged.
VI.
"Florida Statute 475.25, Section (2) recited that:
"`The registration of a registrant shall be revoked, if such registration, or a certificate issued thereon, is found to have been obtained by the registrant by means of fraud, misrepresentation or concealment, or if the registrant has become a nonresident of the State of Florida, or is confined in any state or federal prison or insane asylum, or through mental disease or deterioration, the registrant can no longer safely be entrusted to deal with the public or in a confidential capacity; and a registration or a certificate may be revoked or cancelled, without prejudice to filing a proper application, or request for certificate, if the same shall have been granted or issued through the mistake or inadvertence of the commission.' (Emphasis supplied.)
"Florida Statute 475.25(2) provides for revocation of the registration of a real estate broker by the Florida Real Estate Commission, if a broker `* * * is confined in any state or federal prison', and there can be no doubt that that section of the statute, (2), under which revocation proceedings were held, is unconstitutional.
"* * * * * *
"The Plaintiff was confined in a Federal prison after having been convicted in Federal Court of an offense (wholly unconnected with any phase of his brokerage business or his functions as a registered and licensed real estate broker), as a result of which he was subjected to confinement (for a period of 113 days) in the Federal Correctional Institute in Tallahassee, Florida.
"* * * * * *
"WHEREFORE, Plaintiff being without remedy in the premises save in a Court of Equity, Prays:
"A. That this Court by the Entry, without notice of a Temporary Decree enjoin and restrain the Florida Real Estate Commission, a Statutory Commission under the laws of the State of Florida, and Robert T. Brinkley, Chairman, James R. Boring, Vice-Chairman, and Sylvan M. Maxwell, Commissioner, as and Constituting the Members of the said Commission, its employees and servants from enforcing its arbitrary, unreasonable and unconstitutional interpretation of that certain Section (2) of Florida Statute 475.25, and enjoin the said Defendants, their employees and servants from interfering with Plaintiff's retention of his registration certificate and his operation as a licensed real estate broker in the State of Florida; and
"B. That this Court by its entry of a Final Decree establish and declare that Section (2) of Florida Statute 475.25 is arbitrary, unreasonable and unconstitutional: and,
"C. That this Court grant such other and further relief as to it may seem just and proper."
[5] Sax Enterprises, Inc. v. David & Dash, Fla. 1958, 107 So.2d 612.
[6] Lake v. Lake, Fla. 1958, 103 So.2d 639.
[7] "A judgment or decree unreversed is conclusive upon parties and estops them from setting up in a new suit brought to annul or set it aside, any matter of defense of which the parties could have availed themselves in the original proceeding, the evidence of the facts constituting the defense having been known to the parties in due time."

Mattair v. Card, 1882, 19 Fla. 455; Hay v. Salisbury, 1926, 92 Fla. 446, 109 So. 617, 621. This is also applicable to the situation where the second suit is upon the same cause of action and between the same parties as the first where the final judgment in the first suit is conclusive in the second suit as to every question that was presented or might have been on the pleadings presented and determined in the first suit. Prall v. Prall, 1909, 58 Fla. 496, 50 So. 867, 26 L.R.A., N.S., 577; Tilton v. Horton, 1931, 103 Fla. 497, 137 So. 801, 1932, 139 So. 142.
[8] Codomo v. Shaw, Fla. 1958, 99 So.2d 849.
[9] State of Florida v. Furen, Fla. 1960, 118 So.2d 6.
[10] Article V, Section 5(3), Constitution of the State of Florida, F.S.A.; Rule 2.2 (4), Florida Appellate Rules 31 F.S.A.
[11] Article V, Section 4(2), Constitution of the State of Florida, F.S.A.
[12] Section 59.08, Florida Statutes 1959, F.S.A.
[13] P.C. Lissenden v. Board of County Commissioners, Fla. 1960, 116 So.2d 632.
[14] 6 Fla.Jur.Constit.Law, Sect. 60 et seq. (1936); 11 Am.Jur.Constit.Law, Sect. 111 et seq. (1937).