304 So.2d 97 (1974)
S.L.T. WAREHOUSE COMPANY, a Missouri Corporation, Petitioner,
v.
Wilmott WEBB, Individually, et al., Respondents.
No. 45611.
Supreme Court of Florida.
November 27, 1974.
Edna L. Caruso Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for petitioner.
W. Ford Duane and John C. Briggs, Robertson, Williams, Duane & Lewis, Orlando, for respondents.
ROBERTS, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, Fourth District, reported at 294 So.2d 712 (Fla.App.4, 1974), which purportedly conflicts with Duncan v. Pullum, 198 So.2d 658 (Fla.App.2, 1967), and Leeward and Hart Aeronautical Corp. v. South Central Airlines, Inc., et al., 184 So.2d 454 (Fla. App.1, 1966). We have jurisdiction pursuant to Article V, Section 3(b)(3).
Respondent, First National Bank of Winter Garden, filed suit against respondents, Wilmott Webb, Jack Brackney, and *98 Webb Wood Products d/b/a Brackney Pallets, Inc., to recover the amount due and owing on two promissory notes, wherein respondent bank is named as payee, duly made and executed by the abovenamed respondents. Respondents, Webb and Webb Wood Products, Inc., then filed an amended third party complaint against petitioner, S.L.T. Warehouse, alleging, inter alia, that respondents, Webb Wood Products, Inc. and Brackney Pallets, Inc., as joint ventures, were desirous of borrowing money from respondent bank but that the bank required as a condition precedent to granting the loan that Wilmott Webb endorse the note; that the loan be secured by collateral security in the form of warehouse receipts; and that the collateral security at all times be administered by petitioner (third party defendant, S.L.T. Warehouse). Respondents  third party plaintiffs  in their complaint further alleged that they and petitioner, acting through its duly authorized agent, entered into an agreement to establish a terminal field warehouse to administer the warehouse receipts which were the collateral security and that the same were to be administered at all times by S.L.T. Warehouse; that petitioner, third party defendant, breached its fiduciary and contractual duty to third party plaintiffs, Webb Wood Products and Webb, to administer the warehouse receipts which were collateral security for the loan, by negligently mishandling said security and allowing the same to be squandered, dissipated, or wasted; that S.L.T. Warehouse was negligent in making its weekly inventory and failing to discover any shortage of lumber for a period of exceeding two months; that once S.L.T. knew or should have known of the lumber shortage, it continued to allow withdrawals to be made thereby allowing the shortage to increase and at no time did S.L.T. take any measures to notify Webb Wood Products, Inc. or Webb of the shortage; that Webb relied upon S.L.T. to abide by its agreement to properly administer its warehouse receipts and thereby protect Webb as endorser of the note. Petitioner, S.L.T., filed an amended counterclaim against the third party plaintiffs wherein S.L.T. alleged that the warehousing agreement, which provides the basis for the third party complaint, provides that Webb Wood Products will defend and hold harmless S.L.T. Warehouse Company from any and all claims or litigation affecting the stored goods and merchandise on the warehouse premises, and states that it has become obligated by the filing of the third party lawsuit to hire attorneys and, therefore, it seeks indemnity against the third party plaintiffs for all charges and costs.
Pursuant to Rule 1.140(b), Florida Rules of Civil Procedure, Webb and Webb Wood Products, Inc. moved to dismiss the third party defendant's (S.L.T.'s) amended counterclaim on the basis that the counterclaim fails to state a cause of action and on the basis that the allegations of the amended counterclaim are insufficient, as a matter of law, to show that the warehouse agreement and the save harmless agreements are fair and just and not unconscionable under Section 672.2-302, Florida Statutes, which would preclude their enforcement. After hearing on the motion to dismiss the amended counterclaim, the trial court entered an order finding that the agreements attached to the counterclaim do not by their terms contract away the liability of S.L.T. Warehouse Company for their own actions of negligence, and ordering that the third party amended complaint be dismissed.
Upon appeal from this order of dismissal, the DCA-4 dismissed the cause sua sponte on the grounds that the abovementioned order of dismissal is a non-appealable order. In a brief per curiam opinion denying rehearing, the DCA-4 stated:
"Appellant has filed a petition for rehearing directed to this court's order dismissing this appeal which involves a plenary appeal from an order dismissing a third party defendant's counterclaim with prejudice. The main suit and the third party complaint remain pending in the lower court.

*99 "Appellant relies upon Duncan v. Pullum, Fla.App. 1967, 198 So.2d 658, and Leeward and Hart Aero. Corporation v. South Central Airlines, Fla.App. 1966, 184 So.2d 454, as authority for the finality and appealability of the order in question. These cases do hold such an order to be appealable. However, this court held in Midstate Hauling Co. v. Liberty Mutual Ins. Co., Fla.App. 1966, 189 So.2d 826, that such an order is not appealable, relying upon Bumby & Stimpson, Inc. v. Peninsular (sic) Utilities Corp., Fla.App. 1965, 179 So.2d 414. The Pullum case emanated out of the Second District Court of Appeal, but was not followed by that court in Potts v. Hayden, Fla.App. 1971, 249 So.2d 726, wherein it was held that an appeal would not lie from a final summary judgment on a counterclaim while the main claim between the parties was pending. Since the litigation between the parties is still pending in the trial court and the error vel non of the order in question can be reviewed on appeal from the final judgment, it appears to us the better rule is that laid down in Midstate Hauling Co. v. Liberty Mutual Ins. Co., supra. Accordingly, we adhere to our order dismissing this cause, and the petition for rehearing is denied."
In view of the apparent conflict among District Courts of Appeal on this subject, we granted certiorari.
The sole point for our consideration, sub judice, is whether the order of dismissal of the counterclaim under the particular facts of this case is a final appealable order contrary to the ruling of the District Court of Appeal as above expressed.
Appellate courts do not favor piecemeal review of a cause and trial courts should exercise care to avoid, so far as possible, the necessity for successive appeals. Sax Enterprises v. David & Dash, 107 So.2d 612 (Fla. 1958); Florida Real Estate Commission v. Harris, 134 So.2d 785 (Fla. 1961). Piecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit. However, it may occur that a distinct and severable branch of the controversy, cause of action, may be adjudicated by order of the trial court which would be appealable. Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.[1] Hotel Roosevelt Co. v. City of Jacksonville, 192 So.2d 334 (Fla. App.1, 1966). As is explained in 4 C.J.S. Appeal and Error § 95, generally, to be appealable as final, an order or decree must dispose of all the issues or causes in the case, but this general rule is relaxed where the judgment, order or decree adjudicates a distinct and severable cause of action, not interrelated with remaining claims pending in the trial court. See also: Orange Belt Packing Co. v. International Agricultural Corporation, 112 Fla. 99, 150 So. 264 (1933). Cf. Cone v. Benjamin, 142 Fla. 604, 195 So. 416 (1940). In Hillsboro Plantation v. Plunkett, 55 So.2d 534 (Fla. 1951), this Court explained:
"In courts of other jurisdictions, it appears to be generally held that, if a decree dismissing one or more of a larger number of defendants whose interests are not all connected with the others finally settles the cause as respects those defendants dismissed, such decree is final and appealable."
In Florida Fuel Oil, Inc. v. Springs Villas, 95 So.2d 581 (Fla. 1957), this Court took appellate jurisdiction of an order of dismissal of a cross-claim with prejudice. Although the pleading was as a styled counterclaim, this Court found that it was more appropriately termed a cross-claim in view *100 of the fact that appellant Florida Fuel Oil, who was the defendant below, sought to bring into the case cross-defendants Petersen and Shuflin. This Court determined that Florida Fuel Oil by this cross-claim merely sought by counterclaim to introduce in the case below a completely new, separate, and totally unrelated action against third parties. In effect by dismissal of the cross-claim, the trial judge in Florida Fuel Oil, supra, did terminate the litagation between Florida Fuel Oil and cross-defendants Petersen and Shuflin, thus making such order a final order for purpose of appeal.
The District Court of Appeal, Third District, in Bumby & Stimpson, Inc. v. Peninsula Utilities Corp., 179 So.2d 414 (Fla. App.3, 1965), relative to the finality of an order of the trial court which left undisposed defendant-appellee's compulsory counterclaim said:
"An order terminating litigation between one party and another is final as to them notwithstanding that in the same case litigation continues between either of those parties and third persons. Evin R. Welch & Co. v. Johnson, Fla.App. 1962, 138 So.2d 390. But the appositive is also true. An order which does not dispose of the entire claim between the parties is not final. Fontainebleau Hotel Corp. v. Young, Fla.App. 1964, 162 So.2d 303."
Because of the peculiar facts in the case sub judice, we agree with the instant decision of the District Court of Appeal, Fourth District, holding that the order of the trial court granting the motion to dismiss the counterclaim was not a final appealable order. The claims of the third party complaint brought by respondents, Webb and Webb Wood Products, against S.L.T. Warehouse and the counterclaim by S.L.T. Warehouse against the third party plaintiffs, are clearly interrelated and in substance do involve the same transaction. S.L.T. remains a party to the suit and the claims against it relating to the agreement with third party plaintiffs remain pending in the trial court. The error vel non of the order of the trial court in question may be reviewed on appeal from the final judgment.
However, by way of caveat, we remark that we are not holding as a general principle that in all cases an order dismissing a counterclaim would not constitute a final appealable order if in fact by dismissal of the counterclaim the trial judge adjudicates a distinct and severable cause of action which is not the case sub judice. As Justice Ervin states in Mendez v. West Flagler Family Assoc., etc., 303 So.2d 1 (Fla. 1974):
"However, when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level."
Accordingly, the decision of the District Court of Appeal, Fourth District, is hereby,
Affirmed.
ADKINS, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.
NOTES
[1] There are, however, exceptions to this general rule.