DOWNEY, Judge.
Appellee, W. Edward Wood, as Director of the Rhode Island Department of Environmental Management, and other State of Rhode Island officials commenced this litigation by filing a complaint in the circuit court, in a single count, to domesticate a judgment obtained in the Superior Court of Rhode Island.
The Rhode Island judgment found that appellants, Warren V. Picillo and Selina Picillo, had created a public and private nuisance by dumping and burying chemicals on their property in Rhode Island, which created a health hazard to the community. The judgment authorized the appellees to remove said dangerous chemicals from the property at the expense of the Picillos. All property owned by the Picillos within or without the State of Rhode Island was purportedly encumbered by said judgment to satisfy the ultimate amount found to be due. The Picillos were also enjoined from conveying or encumbering any of their property whether it was within or without the State of Rhode Island.
During the course of the litigation appel-lees learned the Picillos had conveyed certain property in Broward County to a trust for the benefit of themselves and their relatives. Accordingly, appellees, after obtaining the approval of the circuit court, amended the complaint by adding a second count, which sought to have the aforesaid conveyance set aside as fraudulent in view of the strictures contained in the Rhode Island judgment. Thereafter, the trial court entered a “SUMMARY FINAL JUDGMENT AS TO COUNT I OF PLAINTIFF’S AMENDED COMPLAINT.” In material part that summary judgment ordered that the Rhode Island judgment “is hereby incorporated as a Florida [judgment] as to all provisions contained therein.” That summary judgment is the subject of this appeal.
In the course of our study of the case we have concluded that we do not have jurisdiction to reach the merits of the appeal. The two counts, of the complaint are so interrelated that a piecemeal appeal will not lie. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla.1974). So closely connected are these two counts that Count II actually relies on the validity of Count I for its viability.
Accordingly, this appeal is dismissed for lack of jurisdiction.
MOORE, J., and BARKETT, ROSEMARY, Associate Judge, concur.