FARMER, Judge.
We dismiss this appeal for lack of jurisdiction because appellant seeks review of a partial final order.
The pertinent background facts are uncontested and uncomplicated. The Sheriff of Saint Lucie County and his regular full time employees are bound by a Special Act governing the employment status and disciplinary actions. See Chapter 89-475, Laws of Florida. Section l(2)(a) of the Special Act allows the sheriff to demote an employee, whose promotion requires that he serve a period of probation, to his prior rank during the probationary period without a hearing. Section 2(1) of the Special Act provides that the sheriff can suspend an employee for 5 days without a hearing. Appellant, a regular and full-time employee of the sheriff, alleges that the sheriff had earlier reclassified his position from corporal to sergeant, and thereafter abolished the rank of corporal. The sheriff contends that the reclassification had been a defacto promotion. Thus when a few weeks after the reclassification appellant *273 was charged with being involved in a fracas with someone, the sheriff concluded that he could demote and suspend him for 5 days without a hearing.
Appellant sought circuit court review of the decision. See De Groot v. Sheffield, 95 So.2d 912 (Fla.1957). In the action appellant filed in the circuit court, he claimed an entitlement to both mandamus and certiorari relief to force the sheriff to give him a hearing under section 2 of the Special Act before he could be disciplined. The sheriff responded and argued that mandamus was improper because, to determine appellant’s right to mandamus, the court would be obliged to try the issue whether appellant was a probationary employee on account of the promotion. The circuit court judge initially assigned to the action agreed with the sheriff that mandamus was not appropriate and transferred the case to a 3-judge panel within the circuit court for a determination on the certiorari claim.[1] Without waiting for a final determination in the circuit court on the certiorari claim, the officer instead petitioned this court for certiorari review of the order dismissing his mandamus count for relief.
Initially, a motion panel of this court determined that our certiorari jurisdiction would not allow us to review the dismissal of the mandamus claim because direct appeal was available for that purpose. The motion panel thus directed that this case proceed as a direct appeal, and the parties then filed briefs. Having considered the briefs and reviewed the record, we now determine that any appellate or certiorari jurisdiction we may have is inchoate, the present order being in the nature of a partial final order that we may not review until the circuit court enters a final order disposing of the entire ease. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974).
According to the appellant, he had an unqualified right to an administrative hearing on the disciplinary charges, but according to the sheriff no employee has a right to a hearing if the discipline imposed is not more than a 5-day suspension or a demotion of a probationary employee. The officer counters that his status was not probationary because he was merely reclassified, not promoted, to sergeant and that nothing in his reclassification required that he serve a probationary period in his new rank. Appellant does not explain, however, why his pending certiorari review in the circuit court will not be entirely sufficient to deal with that contention.
In his verified complaint in the circuit court, appellant pled for the same relief in count I as a petition for mandamus and alternatively in count II as a petition for certiorari. The allegations in each count were identical. The effect of the order dismissing the mandamus count is to leave open the availability of the relief that appellant seeks under the certiorari count which is, of course, the same as the mandamus count. We could hardly review the dismissal of the mandamus count without intruding on the circuit court’s remaining certiorari jurisdiction.
In S.L.T. Warehouse, the court said:
“Appellate courts do not favor piecemeal review of a cause and trial courts should exercise care to avoid, so far as possible, the necessity for successive appeals. Sax Enterprises v. David & Dash, 107 So.2d 612 (Fla.1958); Florida Real Estate Commission v. Harris, 134 So.2d 785 (Fla.1961). Piecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit. However, it may occur that a distinct and severable *274 branch of the controversy, cause of action, may be adjudicated by order of the trial court which would be appealable. Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties. * * * [T]o be appealable as final, an' order or decree must dispose of all the issues or causes in the case, but this rule is relaxed where the judgment, order or decree adjudicates a distinct and sever-able cause of action, not interreleated with remaining claims pending in the trial court.”
304 So.2d at 99. Here the mandamus claim is interrelated with the certiorari claim, and the same parties remain in the suit before the circuit court. When the circuit court disposes of the certiorari claim, there will be time enough for us to review the whole case.[2] Meanwhile, we are not allowed to engage in the kind of piecemeal review that the present case would have us do.
APPEAL DISMISSED.
GLICKSTEIN, J., and OWEN, WILLIAM C. Jr., Senior Judge, concur.

. Administrative Order 91-2 of the Circuit Court for the Nineteenth Judicial Circuit provides in part as follows:
“4. Petitions for Writs of Certiorari combined in a complaint with other (additional or alternative) requested forms of relief (e.g., injunction, prohibition, or mandamus) shall be assigned a regular civil (CA) case number by the Clerks and the file forwarded to the judge to whom the case is assigned, for review and for consideration of the entry of an Order to Show Cause pursuant to Fla.R.App.P. 9.100(f). Such case shall be handled in all other respects as a regular civil case. If, at any stage of the case, the assigned judge determines that Certiorari is the appropriate remedy, he shall advise the Administrative Judge and the Clerk of this decision and the Administrative Judge shall then enter an Order to Show Cause, or, if not required, shall set the matter of oral argument before the next available appellate panel. * * * ” [e.o.j

. We note that after he filed his papers in this court appellant has since filed a new proceeding in the circuit court seeking by mandamus, on the one hand, to apply the sunshine law to the hearing to which he claims entitlement and by prohibition, on the other hand, to prevent the hearing from being held. We make no comment on the apparent inconsistencies in his positions except to say that they illustrate the infelicity of any review by us at this time.