POLEN, Judge.
Lennart E. Lindahl, Jan Browning, and Kenneth Ferrari appeal from a final judgment in favor of Laralen Corporation (Lara-len) and Nicholas Raich, Sr. (Raich). We reverse, as the appellants were impermissi-bly joined as cross-claim defendants.
On February 28, 1988, Raich entered into an agreement with Lindahl, Browning, and Ferrari to purchase all of their interest in Laralen Corporation, which was the owner and vendor of certain real estate lots located in a development known as Manatee Creek. Following Raich’s purchase of Laralen Corporation, a number of home owners in the development brought suit against Laralen and Raich, as well as Royal Realty, Inc., Royal Investment & Development Corp., Manatee Trace, Inc., Bannock Shoals, Inc., and Joseph Raich as a result of representations they contend were made with regard to the construction of certain recreation facilities including a swimming pool, club house and “tot lots.” The complaint contained counts for fraud, conspiracy, specific performance and civil theft.
In early 1992, Laralen and Raich, along with Royal Realty, Inc., Royal Investment & Development Corp., Manatee Trace, Inc., and Joseph Raich, filed a pleading entitled “Third Party Complaint” against Lanyard Lindahl which alleged that they had been sued and Lindahl was obligated under a contract which was embodied within a May 5, 1988 “Letter of Understanding.” This letter of understanding provided as follows:
The purpose of this letter is to verify our understanding as to the remaining obligations of the parties relative to the recreation area, tot lot and parking areas in the Manatee Creek Development. The sums described herein are in addition to any and all other obligations owed between the parties or by Laralen Corporation, including those designated in the Indemnity and Release Agreement of even date herewith.
The letter further provided:
The total of these costs is $40,230, of which Nicholas S. Raich, Sr. is responsible for half, and Lennart E. Lindahl, Jan Browning and Kenneth Ferrari are responsible for the remaining half.
Raich claims that he entered into this agreement as he was concerned that a suit would be brought by the homeowners for failure of Laralen to live up to the representations it had made regarding amenities in the development.
Lindahl filed a motion to dismiss this third party complaint on the grounds that it was not proper practice because it was not founded upon a theory of indemnification, contribution or subrogation. The trial court granted this motion to dismiss with leave to amend. The defendants next filed a pleading entitled “First Amended Cross-complaint” which added Jan Browning and Ken Ferrari as additional defendants. Count I of this “Cross-complaint” sought damages for breach of contract against Lindahl, Browning and Ferrari, and in Count II Raich sought to interplead funds which he alleged were subject to competing demands between the plaintiffs and the appellants. The appellants again filed a motion to dismiss, which alleged that the court lacked subject matter jurisdiction because the pleading was simply an attempt to refile the “Third Party Complaint,” which had already been dismissed. The motion to dismiss also alleged that the court lacked subject matter jurisdiction because none of the appellants was a party to the main action and there was no showing that the appellants’ presence was necessary to a complete determination of a counterclaim or cross-claim against an existing party. The trial court granted the motion to dismiss with leave to Nicholas Raich Sr. and Laralen Corporation only to file an amended complaint against the appellants if they were “able to file a cross-claim against existing defendants to which Lindahl, Browning and Ferrari would be necessary parties.”
On August 10, 1992, Laralen and Nicholas Raich filed an answer to the plaintiff’s third amended complaint and a cross-claim against Bannock Shoals, Inc., their codefendant, and the appellants. The appellants again moved to dismiss asserting lack of subject matter *414 jurisdiction because the cross-claim was another attempt to engage in improper third party practice by adding separate counts against a codefendant which had nothing to do with the counts brought against the appellants. The trial court denied this motion to dismiss. It is in the denial of this motion to dismiss that error occurred.
The appellants were not proper cross-claim defendants pursuant to Florida Rule of Civil Procedure 1.170(g) & (h), which provides:
g) Cross-claim against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or a counterclaim therein, or relating to any property that is the subject matter of the original action.
(h) Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim or cross-claim, they shall be named in the counterclaim or cross-claim and be served with process and shall be parties to the action thereafter if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action.
As the appellants assert, simply calling a pleading a “cross-claim” does not make it one. Appellees’ artifice of joining a co-party, in this case Bannock Shoals, Inc., as a cross-defendant in separate and unrelated counts of a cross-claim does not make the appellants necessary to a resolution of the claims against the co-party, thereby authorizing the use of rule 1.170(h) as a vehicle to join them in the action. The first two counts of the cross-claim were against Bannock Shoals, Inc., seeking indemnification and contribution against Bannock Shoals on the allegations that Bannock Shoals manned a sales office at the subdivision and had the responsibility for the agents that manned the sales office, and was responsible for the representations of these agents to the purchases/plaintiffs. The next count is against the appellants and essentially alleges breach of the May 5, 1988, letter of understanding. The counts of the cross-claim are clearly independent of each other. The fact that the cross-claim against Bannock Shoals was settled pre-trial without any input from the appellants lends further credence to a determination that appellants were not necessary to grant complete relief in the determination of appellees’ cross-claim against Bannock Shoals. When Laralen and Raich filed this cross-claim, it appears that they were making a last ditch effort to comply with the following provision of the trial court’s Order Dismissing First Amended Cross-Complaint, when it stated:
The Defendants, Nicholas Raich, Sr. and Laralen Corporation shall have ten days to file an Amended Cross-Claim against Lin-dahl, Browning, and Ferrari if they are able to file a Cross-Claim against existing Defendants to which Lindahl, Browning and Ferrari would be necessary parties.
However, as Lindahl, Browning and Ferrari were not necessary parties to the resolution of the claim against Bannock Shoals, this effort should have failed. See Pan American Surety v. Jefferson Constr. Co., 99 So.2d 726 (Fla. 3d DCA 1958) (where neither subcontractor nor surety on its performance bond was a party to original action, and so-called cross-action against surety was not in connection with a counterclaim against original plaintiff and was not incident to a cross-claim against any co-party in original action, circuit court was without jurisdiction of so-called cross-action); Florida Fuel Oil v. Springs Villas, Inc., 95 So.2d 581 (Fla.1957) (where action was brought against contractor for failure to install air conditioning unit in accordance with plans and specifications, contractor’s cross-claim seeking to make architects a party on ground that architects were negligent in preparing plans and specifications, was improper since issue tendered by cross-claim was completely immaterial and unrelated to issues tendered by original complaint). Accordingly, we reverse and remand with instructions to the trial court to dismiss the cross-claim against the appellants.
Of course, this disposition requires reversal of the award of attorney’s fees and costs as well, and renders moot any consideration *415 of prejudgment interest. The remaining points on appeal need not be considered.
REVERSED.
STEVENSON, J., and SCHAPIRO, SHELDON, Associate Judge, concur.