933 So.2d 1264 (2006)
Joseph B. ELKIND, Appellant,
v.
Kenneth KNOX and Fisher & Phillips, L.L.P., Appellees.
No. 4D06-25.
District Court of Appeal of Florida, Fourth District.
July 26, 2006.
*1265 Edward T. Dinna of the Law Office of Edward T. Dinna, L.L.C., Fort Lauderdale, for appellant.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellees.

ON MOTION TO DISMISS APPEAL
KLEIN, J.
We previously dismissed this appeal on appellees' motion, which asserted that the order being appealed was non-final, because a cross-claim remained pending in the trial court. When the appellant failed to respond to the motion, we assumed that he agreed with the appellees' argument on jurisdiction. Following our dismissal, however, appellant moved for rehearing and has persuaded us that we should not have dismissed the appeal.
Appellant/plaintiff, in his complaint, alleged legal malpractice against appellees Knox and Fisher & Phillips. Knox and Fisher & Phillips filed a cross-claim for common law indemnity against another party based on the claim filed against them by plaintiff. Ultimately the trial court dismissed plaintiff's third amended complaint against Fisher & Phillips with prejudice for failure to state a cause of action, and it is that order which is being appealed. The argument that the order was not final is based on the fact that the cross-claim of Knox and Fisher & Phillips against another party remains pending. That cross-claim, however, does not involve appellant/plaintiff. Under these facts we are unable to agree with appellees that this order is not final under the reasoning of S.L.T. Warehouse v. Webb, 304 So.2d 97 (Fla.1974) (order dismissing complaint with prejudice is not final if compulsory counterclaim involving same parties remains pending).
The only case cited which involves a cross-claim is Morris v. Painewebber, Inc., 852 So.2d 352 (Fla. 1st DCA 2003); however, the opinion dismissing that appeal does not explain who the parties were to the claim still pending in the trial court. If, in Morris, the pending cross-claim was between the appellant and appellee, the appeal would have been premature under the reasoning of S.L.T. Warehouse. In the present case, the cross-claim which remained pending did not involve appellant, and the order dismissing all of appellant's claims against the appellees is accordingly final. We therefore reinstate the appeal.
GUNTHER and TAYLOR, JJ., concur.