SHEPHERD, J.
 

 This is an appeal by a counter-plaintiff, Frank C. Caballero, from a final summary judgment finding the language of a General Release executed by Caballero exonerates the appellees — five third-party corporate defendants: Phoenix American Holdings, Inc.; Phoenix American Insurance Group, Inc.; Phoenix American Administrators, Inc.; Insurance Adjustment Services, Inc.; and Wynn’s Extended Care, Inc. — on a six-count complaint brought by Caballero against them for (1) retaliatory discharge and violations of the Florida Private Sector Whistleblower’s Act; (2) breach of Compensation Agreement; (3) fraudulent inducement with respect to the Compensation Agreement; (4) unjust enrichment; (5) promissory es-toppel; and (6) tortious interference with a business relationship. On de novo review, we find the release does not exonerate the appellees on the last of these counts. In all other respects, we affirm the judgment of the trial court.
 

 The release was executed as part of a termination package between Caballero and his former employer, Phoenix American Warranty Company, Inc.
 
 [1]
 
 The releas-ees include Phoenix American Warranty Company, Inc., and its affiliates, which include the appellees. The title of the release, “General Release,” is a misnomer. Rather the release is limited by its terms as follows:
 

 (a) The released claims consist of and are limited to any and all Claims that in any way relate to: (i) employment of [Caballero] with Company, or the termination thereof, or Claims for compensation, bonuses, commissions, lost wages, or unused accrued vacation or sick pay.
 

 As the descriptions of the first five claims above indicate, and a careful examination of the allegations will confirm, each of these counts relate to Caballero’s employment, termination, or compensation. Therefore, the trial court properly granted summary judgment as to these counts of the third-party complaint.
 
 See AXA Equitable Life Ins. Co. v. Gelpi,
 
 12 So.3d 783, 785 (Fla. 3d DCA 2009);
 
 Hold v. Manzini,
 
 736 So.2d 138, 141 (Fla. 3d DCA 1999). The appellees’ tortious interference claim, however, plainly relates to a subsequent employment relationship Caballero had
 
 *108
 
 with Road America Motor Club, Inc., which he claims was terminated by Road America as a direct result of intentional and unjustifiable interference by the appel-lees. Because the allegations in this count are alleged to have occurred after the release was executed and pertain to actions outside of Caballero’s employment with Phoenix American Warranty Company, Inc., we reverse the final summary judgment for further proceedings on this count alone.
 
 See Plumpton v. Cont’l Acreage Dev. Co.,
 
 830 So.2d 208, 210 (Fla. 5th DCA 2002) (finding general release bars all claims which have matured prior to the execution of the release).
 

 Affirmed in part, reversed in part.
 

 [1]
 

 . Phoenix American Warranty Company, Inc. is not included among the appellees in this appeal because additional claims remain pending in the trial court between Caballero and Phoenix American Warranty Company, Inc.
 
 See S.L.T. Warehouse Co. v. Webb,
 
 304 So.2d 97, 99 (Fla.1974) ("Piecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit.”). However, because the final summary judgment disposes all claims as to the appellees, we have jurisdiction.
 
 See
 
 Fla. R.App. P. 9.110(k).