DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OBED COLON,**
Appellant,

v.

**CITY OF RIVIERA BEACH,**
Appellee.

No. 4D19-3887

[March 10, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 50-2017-CA-004267-XXXX-MB.

Isidro M. Garcia of Garcia Law Firm, P.A., West Palm Beach, for appellant.

Benjamin L. Bedard and Stephanie W. Kaufer of Roberts, Reynolds, Bedard & Tuzzio, PLLC, West Palm Beach, for appellee.

PER CURIAM.

We affirm the final summary judgment entered in favor of appellee City of Riviera Beach in appellant's suit against the City for violations of his rights under the Florida Civil Rights Act of 1992 ("FCRA"). The trial court determined that a release signed by appellant in connection with a settlement of a worker's compensation claim which expressly released the City from any claim alleging discrimination was "plain, unambiguous and binding under state law." While appellant argues that we should apply federal law to determine whether the release bars his claim, we disagree. Although a Florida statute, like FCRA, is to be given the same construction as federal courts would give the federal act after which FCRA was patterned, *e.g., Carsillo v. City of Lake Worth*, 995 So. 2d 1118, 1119 (Fla. 4th DCA 2008), the issue in this case is the interpretation of the release, which is governed by state law. *See Home Devco/Tivoli Isles LLC v. Silver*, 26 So. 3d 718, 720 (Fla. 4th DCA 2010); *see also Liberty Mut. Ins. Co. v. Wolfson*, 299 So. 3d 28, 32 (Fla. 4th DCA 2020) (explaining that "[b]ecause a release is a contract, it must be interpreted according to principles of contract law." (quoting *Berrios v. Orlando Reg'l Healthcare Sys.*, 100 So.

3d 128, 130 (Fla. 5th DCA 2012))).  Under Florida law, the trial court did not err in entering summary judgment based on the unambiguous release. *See Caballero v. Phoenix Am. Holdings, Inc.*, 79 So. 3d 106, 107 (Fla. 3d DCA 2012); *AXA Equitable Life Ins. Co. v. Gelpi*, 12 So. 3d 783, 786 (Fla. 3d DCA 2009).

*Affirmed.*

WARNER, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***