DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IRONSHORE SPECIALTY INSURANCE COMPANY,**
Appellant,

v.

**CONRAD & SCHERER, LLP,** and **TERRENCE P. COLLINGSWORTH,**
Individually and as Agent of **CONRAD & SCHERER, LLP,**
Appellees.

No. 4D21-784

[May 18, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. 17-1223 CACE.

Dinah S. Stein and Mark Hicks of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, and Stephen Hunter Johnson and Nathaniel Haim Sari of Lydecker Diaz, Miami, for appellant.

Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Boca Raton, for appellee Conrad & Scherer, LLP.

Timothy W. Burns, Jeff Bowen and Jesse Bair of Burns Bowen Bair LLP, Madison, Wisconsin, Pro Hac Vice for appellee Conrad & Scherer, LLP.

MAY, J.

An insurer appeals a final judgment on the insurer's duty to defend. It argues the court erred in granting the insured law firm's motion and denying the insurer's motion for summary judgment because: (1) coverage is excluded under the policy's "prior litigation" and "related professional legal services" exclusions; and (2) the court failed to consider the insurer's other affirmative defenses and counterclaim for recission of the policy in ruling on the motion for summary judgment. We agree with the insurer on the second issue. We reverse and remand the case for further proceedings.

- ***THE BACKGROUND***

In 2014, the insurer issued a Lawyer's Professional Liability Policy to the law firm. The law firm notified the insurer of a Racketeer Influenced and Corrupt Organizations Act ("RICO") suit filed against it during the policy period. The

RICO suit involved allegations that stemmed in part from the law firm's representation of plaintiffs in earlier filed human rights lawsuits.

- ***The Underlying Lawsuits***

### 1. The Human Rights Lawsuits

On March 20, 2009, one of the law firm's partners ("Collingsworth") filed three human rights lawsuits against Drummond Company, Inc. ("Drummond") under the Alien Tort Statute and the Torture Victim Protection Act of 1991 in the Northern District of Alabama. The complaints alleged Drummond aided and abetted a Colombian paramilitary group in the wrongful death of union activists and other civilians related to Drummond's Colombia mining operations.

### 2. The Defamation Lawsuit

On October 21, 2011, Drummond filed a one-count defamation complaint against Collingsworth and the law firm alleging that Collingsworth wrote three letters defaming Drummond in 2011 at the behest of Llanos Oil Exploration Limited, a Drummond rival. Two letters were sent to Dutch government officials and one to the Itochu Corporation, a potential Japanese investor. The letters urged the recipients to take notice of Drummond's actions in Colombia, including its alleged relations with paramilitary groups and the resulting human rights violations.

### 3. The RICO Lawsuit

Nearly four years later, on March 27, 2015, Drummond filed the RICO lawsuit against the law firm and others. The complaint was 106 pages long with 86 pages of appendices. It alleged that since 2007, Collingsworth, the law firm, foreign attorneys, human rights groups, oil executives, and others engaged in a coordinated "enterprise" against Drummond in violation of RICO. Part of the alleged enterprise were the three human rights lawsuits filed in 2009. The law firm submitted the RICO case to its insurer and requested a defense. The insurer refused to defend the law firm.

- ***THIS CASE***

The law firm filed a one-count complaint against the insurer requesting a declaration that the insurer had a duty to defend it in the RICO case and to reimburse the law firm for incurred defense fees and costs. The insurer admitted the RICO case had been filed during the policy period and involved Professional Legal Services but denied both a duty to defend and coverage based on the prior litigation exclusion and other policy provisions. It asserted multiple affirmative defenses, a counterclaim, and a third-party complaint against Collingsworth,

which sought a declaration of no coverage, no duty to defend, and recission of the policy.

Both the law firm and insurer moved for summary judgment on the duty to defend. Their arguments were limited to the application of Exclusion C—the prior litigation exclusion. The circuit court granted the law firm's motion and denied the insurer's motion in an extensive written order. The court specifically found the insurer had a duty to defend the law firm in the RICO case.

The insurer moved for rehearing, arguing the circuit court's order did not address all its affirmative defenses and the court had ruled on issues not raised in the motions. The court denied the motion.

The insurer then moved for clarification and/or to set aside the order, arguing the circuit court: (1) failed to consider its other affirmative defenses; (2) ruled on issues not raised by the motions; and (3) failed to address the rescission counterclaim. In denying the motion, a successor judge reviewed the record and found the summary judgment order "addresse[d] all [the law firm's] claims against [the insurer] and . . . all of [the insurer's] affirmative defenses and counterclaims against [the law firm]." But the successor judge found the order on the summary judgment motions was not final because there had been no determination of the attorney's fees, costs, and interest owed to the law firm.

Following discovery, briefing, and an evidentiary hearing, the court ordered the insurer to pay $2,553,699.56 in fees and costs, and prejudgment interest. The successor judge reserved jurisdiction to award further fees and expenses, to enforce the insurer's duty to defend and duty to indemnify, and to enter such further orders as the court deemed "just, necessary, and proper." From these orders, the insurer now appeals.

- ***THE ANALYSIS***

More than two thirds of the briefs in this appeal focus on the insurer's duty to defend, the application of the prior litigation and related claims exclusions, and whether the eight corners rule applies. In its last and shortest issue, however, the insurer argues the case must be reversed because the circuit court did not address its remaining affirmative defenses and rescission counterclaim before entering its "final" judgment. It is this last argument upon which we focus.

We do not reach the duty to defend issue and express no opinion on the merits. Rather, we address the error that occurred when the successor judge found that the order on the motions for summary judgment addressed "all [the law firm's] claims against [the insurer] and it addresse[d] all of [the insurer's] affirmative defenses and counterclaims against [the law firm]" and "no

3

outstanding issues of liability remain at issue." *See N. Ins. Co. of N.Y. v. Seitlin & Co.*, 919 So. 2d 534 (Fla. 3d DCA 2005). That simply was not true.

When the court ruled in favor of the law firm on the duty to defend, its judicial labor was not at an end. The insurer twice brought the remaining affirmative defenses and rescission counterclaim to the attention of the court to no avail. Rather than resolve those remaining issues, the successor judge declared that all issues had been resolved when in fact they had not. Despite the trappings of finality found in the successor judge's order, other interrelated issues remained outstanding.

Florida adheres to the principal that "piecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction." *Mendez v. W. Flagler Family Ass'n*, 303 So. 2d 1, 5 (Fla. 1974); *see also S. L. T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974). There can be no doubt that the declaratory relief and rescission claims in this case are interrelated. *See Nationwide Mut. Ins. Co. v. Harrick*, 763 So. 2d 1133 (Fla. 4th DCA 1999). We therefore reverse and remand the case for the court to vacate the January 11, 2021 order and the order denying the insurer's motion for clarification. We remand the case to the circuit court for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

GROSS and CIKLIN, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**