851 So.2d 879 (2003)
RAYMOND JAMES & ASSOCIATES, INC. and Raymond James Financial Services, Inc., Appellants,
v.
R. Ellis GODSHALL, Freedom Center Group, Inc. and Melinda M. Few, Appellees.
No. 1D03-1864.
District Court of Appeal of Florida, First District.
August 12, 2003.
William W. Deem and John N. Giftos of McGuire Woods LLP, Jacksonville, for Appellants.
Charles R. Walker, Jr. of Hedrick Dewberry Regan & Durant, P.A., Jacksonville; Robert Stokes, St. Petersburg; John Mce. Miller, Jacksonville; and John A. Tucker, IV, Jacksonville, for Appellees.
PER CURIAM.
Having considered the appellants' response to the Court's order dated May 15, 2003, and the appellees' reply thereto, we dismiss this appeal as premature because there are related claims pending below. See Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002); S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla.1974). We reject the appellants' argument that the instant order should be deemed final pursuant to McGurn v. Scott, 596 So.2d 1042 (Fla. *880 1992), and Emerald Coast Communications, Inc. v. Carter, 780 So.2d 968 (Fla. 1st DCA 2001), because the order on appeal does not appear to be an ordinary money judgment except for an improper reservation of jurisdiction to award prejudgment interest.
The appellants filed this appeal seeking review of an "Order Granting Partial Summary Final Judgment," which entered a judgment for $181,434.63 plus pre-judgment interest, including the traditional language of finality "for which such sum let execution issue." The trial court specifically declined to make a determination as to a related claim of "whether or to what extent Plaintiff/Garnishor is entitled to recover the difference in value of the Few Account of $304,530.31 at the date the Writ of Garnishment was served and the $181,434.63 at the time the Few Account was liquidated, or any other sums," and "retain[ed] jurisdiction to determine what additional amounts, if any, may be due."
Under the Florida Constitution, Article V, section 4(b)(1), the "district courts have jurisdiction to hear plenary appeals, as a matter of right, only from final judgments and orders of the trial courts." Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002). Generally, an order is final and a plenary appeal may be taken when "the order ... constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court... between the parties directly affected." See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974); see also Caufield, 837 So.2d at 375 (reaffirming the traditional test for finality requiring that "no further action by the court will be necessary"); McGurn v. Scott, 596 So.2d 1042, 1043 (Fla.1992) (stating "[i]t is well settled that a judgment attains the degree of finality necessary to support an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgment"). However, a partial final judgment is appealable as a final order when "the judgment ... adjudicates a distinct and severable cause of action, not interrelated with remaining claims pending in the trial court." S.L.T. Warehouse, 304 So.2d at 99; Fla. R.App. P. 9.110(k).
The appellants concede that the instant order is neither a final order nor an appealable partial final judgment. However, the appellants argue the order should be deemed final pursuant to McGurn and Emerald Coast because it contains the traditional language of finality "for which let execution issue" and the money judgment is immediately executable. Therefore, the appellants argue, the order leaves no judicial labor to be performed as to this issue, except the execution thereof, and the order is final and appealable.
The appellants' reliance on McGurn and Emerald Coast is misplaced because those cases are limited to orders that otherwise appear to be ordinary final money judgments except for an improper reservation of jurisdiction to consider prejudgment interest. Cf. Abifaraj v. Birth-Related Neurological Injury Comp. Ass'n., 844 So.2d 751 (Fla. 1st DCA 2003) (declining to deem administrative order final under McGurn and Emerald Coast where order was not an ordinary money judgment); Nourachi v. South Beaches Professional Park Owners' Assoc., Inc., 841 So.2d 618 (Fla. 1st DCA 2003) (dismissing appeal of order that reserved jurisdiction to determine amount of interest, legal expenses, and value of improvements); Hoffman v. O'Connor, 802 So.2d 1197 (Fla. 1st DCA 2002) (holding dissolution of marriage judgment that reserved jurisdiction to determine equitable distribution need not be deemed final). The reasoning of McGurn *881 and Emerald Coast does not apply to nonfinal orders that appear nonfinal for reasons other than a reservation of jurisdiction to award prejudgment interest and such orders need not be deemed final. Because the instant order is a nonfinal, nonappealable order, this appeal is DISMISSED for lack of jurisdiction. All pending motions are denied as moot.
ALLEN, KAHN and DAVIS, JJ., concur.