971 So.2d 1037 (2008)
Mario LOMBARDO, Petitioner,
v.
Harry Richard HAIGE, Respondent.
No. 2D07-999.
District Court of Appeal of Florida, Second District.
January 16, 2008.
*1038 Albert B. Lewis of Piper, Karvonen, Lewis & Schafer, St. Petersburg, for Petitioner.
Warren J. Knaust of Knaust & Associates, P.A., St. Petersburg, for Respondent.
ALTENBERND, Judge.
Mario Lombardo petitions for certiorari review of a circuit court order that "affirmed" a county court judgment awarding attorneys' fees to Harry Richard Haige. The circuit court "affirmed" the judgment on the theory that the notice of appeal had been untimely filed. This case contains an unusually large number of procedural errors and oddities. As explained below, we treat the order affirming the county court judgment as an order dismissing the appeal for lack of jurisdiction, and we treat the petition for certiorari to this court as a petition for mandamus. We grant the petition for mandamus because the appeal was timely filed.

I. PROCEEDINGS IN THE COUNTY COURT
Mr. Lombardo is Mr. Haige's landlord (Landlord). He brought suit against Mr. Haige, his tenant (Tenant), in county court. He sought possession of the leased premises in count I and monetary damages in count II.[1] On January 27, 2006, the county court entered an order that "finally dismissed" this "cause." Although that order has some of the indicia of a final appealable order, the county court entered an "order clarifying dismissal" on March 27, 2006, explaining that count I for possession had been dismissed but that count II, the claim for monetary damages, remained pending.
Because both the count for possession and the count for monetary damages relate to the lease agreement, this order of dismissal was, at best, a partial final judgment. See Fla. R.App. P. 9.110(k). Especially in light of the explanation in the order of clarification, however, it is clear that the order of dismissal was not an appealable order. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99-100 (Fla. 1974); DeMartino v. Simat, 948 So.2d 841 (Fla. 2d DCA 2007). The Landlord did not appeal this order.
On February 1, 2006, the Tenant filed a motion to tax costs and attorneys' fees. The content of the motion suggests that the Tenant's counsel believed that the county court had dismissed the entire lawsuit. On March 1, 2006, the county court entered an order awarding the fees and costs to the Tenant.
It is noteworthy that the order awarding fees and costs is not a final order, but merely a nonfinal order setting the amount of fees and costs, following the earlier nonappealable partial final judgment. It does not contain language permitting enforcement by execution or otherwise. Given that the Landlord still had a pending claim for unpaid rent when this order was entered, one would expect that the Landlord might eventually have the option to offset the fees and costs from any judgment *1039 the Landlord received for unpaid rent.
The Landlord filed a motion for rehearing from the order awarding fees and costs. At approximately the same time, the Landlord filed a motion to clarify whether the order of dismissal was intended to be an order dismissing the entire lawsuit. The motion for clarification resulted in the order of March 27, 2006, explaining that count II had not yet been resolved and that the lawsuit remained pending.
On April 3, 2006, the Tenant moved for entry of a final judgment against the Landlord on the earlier order awarding costs and fees. On April 25, 2006, the county court entered that judgment, which is the judgment that the Landlord appealed to circuit court.
The Landlord filed a timely motion for rehearing from this judgment. The filing of this motion for rehearing tolled the time for the Landlord to appeal the judgment. See Fla. R.App. P. 9.020(h). The county court entered an order on May 31, 2006, denying the motion for rehearing, and the Landlord then appealed the judgment to circuit court on June 6, 2006.

II. THE PROCEEDINGS IN CIRCUIT COURT
The appeal in circuit court proceeded on some false assumptions about the finality of the various orders entered in the county court. Ultimately, the circuit court issued a written opinion that purports to affirm the county court on the theory that the circuit court has no jurisdiction over the appeal. In its order affirming the judgment of attorneys' fees, the circuit court thoroughly detailed the timeline of events and filings and then concluded that it did not have jurisdiction to consider the merits of the Landlord's appeal. The circuit court's reasoning was based on a belief that the original order awarding costs and fees was a final order and that the Landlord had not timely appealed that order following the denial of rehearing on March 27, 2006. The Landlord filed a petition for writ of certiorari in this court to review the circuit court's appellate order.

III. OUR REVIEW IN THE DISTRICT COURT OF APPEAL
The Landlord filed this appellate proceeding seeking a petition for writ of certiorari as if it were a typical "second-appeal" or "second-tier" certiorari proceeding.[2] This is understandable because the circuit court claimed it was "affirming" the county court. Its reasoning, nevertheless, establishes that it declined to review the merits of the appeal because it decided that the appeal was untimely. Thus, the affirmance was actually an order of dismissal.
When an appellate court declines to review the merits of an appeal on these grounds, the more appropriate remedy is mandamus. See Griffin v. Sistuenck, 816 So.2d 600 (Fla.2002). Accordingly, we elect to treat the petition as a petition for writ of mandamus. See Fla. R.App. P. 9.040(c). We grant the writ because the Landlord's appeal was a timely appeal of a final judgment awarding attorneys' fees.
Simply stated, the county court first entered a nonfinal and nonappealable order of dismissal. It then entered an order on costs and fees that also could not *1040 be appealed.[3]See Coffey v. Evans Props., Inc., 585 So.2d 960, 961-62 (Fla. 4th DCA 1991). None of these earlier orders commenced a period in which to file an appeal. The first order that was appealable was the judgment entered on the Tenant's motion for entry of final judgment and which entered monetary sums "for all of which let execution issue." The Landlord sought rehearing in a timely fashion after the filing of that judgment and then timely appealed when the county court denied rehearing. Thus, the circuit court erred in dismissing this appeal without reviewing its merits.
On remand, the circuit court will be reviewing a final judgment awarding fees and costs that was entered prior to a final judgment on the merits. We express no opinion on the merits of that appeal, but the oddity of this procedural posture is hard to overlook. In effect, this judgment is another partial final judgment. See Elder Care Health Servs., L.L.C. v. Losasso, 810 So.2d 994 (Fla. 4th DCA 2002) (dismissing appeal of similar final judgment awarding fees that trial court had already vacated).
We note that the First District has held that an order granting partial summary judgment, which entered a judgment for $181,434.63 plus prejudgment interest, "for which such sum let execution issue" was not an appealable order under the reasoning of S.L.T. Warehouse because the order was interrelated with matters still pending in the trial court. See Raymond James & Assocs., Inc. v. Godshall, 851 So.2d 879 (Fla. 1st DCA 2003). We have considerable doubt about the correctness of this holding because we cannot fathom how one can wait to appeal an order upon which execution can enter.
We conclude, however, that our scope of review does not give us power to address the correctness of Godshall at this point because the circuit court dismissed the appeal on the theory that it was untimely, not on the theory that it was premature. Even if Godshall is correct in holding that such an order is not appealable as a partial final judgment, an order permitting execution to issue before the entry of the final judgment would seem to be reviewable by certiorari. On remand, the circuit court must consider the notice of appeal as timely and appropriate to invoke its jurisdiction, but it may then consider whether the proper mechanism for review is actually certiorari. See Fla. R.App. P. 9.040(c).
Petition for writ of mandamus granted with instructions to reinstate appeal from county court.
NORTHCUTT, C.J., and VILLANTI, J., Concur.
NOTES
[1] The Landlord's decision to provide an appendix that is not in chronological order and does not contain a copy of the complaint filed in county court has not made our task easier. We conclude, however, that the limited record is sufficient to resolve this case.
[2] See, e.g., Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic, 913 So.2d 1281 (Fla. 2d DCA 2005).
[3] An order entitling a party to immediate monetary relief prior to final judgment is not an appealable, nonfinal order except in the context of circuit court orders entered in family law matters. Fla. R.App. P. 9.130(a)(3)(C)(iii).