NORTHCUTT, Judge.
We treat this appeal as a proceeding seeking a writ of certiorari, and we grant the writ. As we will explain, the brevity of this ruling belies the complexity of the issues that underlie it.
*661 In this case East Avenue, LLC; Sarasota Land.com., Inc.; and Mark Pierce (collectively referred to as East Avenue) have attempted to appeal an amended summary final judgment for damages entered against them on three counts of a multiple-count complaint. But they are named as defendants in factually and legally interrelated counts that remain pending in the circuit court. For this reason, under traditional rules of finality the judgment at hand is not final or appealable. See S.L.T. Warehouse v. Webb, 304 So.2d 97 (Fla.1974).
That much is fairly straightforward. The wrinkle here is that the judgment contains language authorizing execution. Thus, strict application of the S.L.T. Warehouse finality criteria would leave East Avenue exposed to enforcement of the judgment at a time when it cannot obtain review of it and, importantly, it cannot shield its assets from execution by posting an appellate supersedeas bond. This kind of circumstance has been addressed in a small body of district court case law that variously espouses three distinct approaches to it. Added to this mix are two Florida Supreme Court decisions that, while not directly resolving the issue, are intertwined with it.
The first of the pertinent supreme court cases is McGurn v. Scott, 596 So.2d 1042 (Fla.1992), receded from in part, Westgate Miami Beach, Ltd. v. Newport Operating Corp., 55 So.3d 567 (Fla.2010). In that case the trial court entered a money judgment that was final in all respects save for a reservation of jurisdiction to determine prejudgment interest. The First District dismissed the appeal for lack of jurisdiction because the judgment was not final for appellate purposes. McGum v. Scott, 573 So.2d 414 (Fla. 1st DCA 1991).
The supreme court acknowledged that the trial court could not enter a final damages judgment while reserving jurisdiction to adjudicate prejudgment interest. McGum, 596 So.2d at 1044. But it disagreed with the First District’s decision to dismiss the appeal. • “The judgment’s appearance as a final order upon which execution could have issued placed McGurn in a procedural quandary,” the court wrote. Id. “If the judgment were considered an interlocutory order, McGurn would be unable to exercise his right to both an appeal and a supersedeas to stay the enforcement of the judgment. Yet, the order granted Scott the right to let execution issue against McGurn’s property.” McGum, 596 So.2d at 1044-45.
Further, the court observed, if McGurn had not appealed the order when he did, he might have lost the opportunity to do so at a later date. This observation was based on Third District holdings that a nonfinal order that has. “the attributes of a ‘true’ final judgment” is “deemed to have taken on the characteristic of such a judgment” and requires review by immediate appeal. 596 So.2d at 1045 (quoting Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 319 (Fla. 3d DCA 1987), and citing Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla. 3d DCA 1974)). Ultimately, the supreme court held that because the order in McGum “appeared final in most respects and stated that execution could issue,” it would be “deemed a final order requiring review by immediate appeal.” 596 So.2d at 1045.
The supreme court revisited McGurn in Westgate Miami Beach, Ltd. v. Newport Operating Corp., 55 So.3d 567 (Fla.2010). The Westgate court receded from McGum’s holding that trial courts could not enter final judgments while reserving jurisdiction to award prejudgment interest. Henceforth, trial courts could properly reserve jurisdiction to determine prejudgment interest in the same manner as they *662 could reserve jurisdiction to award attorney’s fees and costs. However, “[bjeeause of the procedural quandary recognized in McGum,” the court expressly declined to recede from McGum’s treatment of a judgment that authorizes execution but reserves jurisdiction to award prejudgment interest as a final appealable order. 55 So.3d at 575.
When announcing its decision, the West-gate court noted that it had considered other options. One of them was to treat an appeal from an otherwise final judgment that reserved jurisdiction on the prejudgment interest issue as a premature appeal under Florida Rule of Appellate Procedure 9.110(£ j.[1] But the court rejected this option for several reasons, including that under this approach the defendant still could be left in the position of being precluded from obtaining review while unable to protect its assets from execution. The court also rejected this solution because “the district courts are in disagreement as to whether an appeal from a judgment that authorizes execution upon a defendant’s assets can be considered premature for purposes of appeal.” 55 So.Bd at 575-76 (footnote omitted).
The cases cited by the supreme court in the footnote we omitted above are a microcosm of three districts’ differing views about the reviewability of such orders. See Westgate, 55 So.3d at 576 n. 10. Thus, in Raymond James & Associates, Inc. v. Godshall, 851 So.2d 879, 880-81 (Fla. 1st DCA 2003), the First District dismissed as premature the appeal of a judgment that authorized execution while reserving jurisdiction to adjudicate the plaintiffs related claim for additional damages. The court rejected the appellant’s assertion that such an order should be “deemed final” under McGum because, it said, McGum was limited to review of orders reserving jurisdiction to award prejudgment interest. Godshall, 851 So.2d at 880; see also Conti v. B & E Holdings, LLC, 61 So.3d 1272 (Fla. 1st DCA 2011); Couch v. Tropical Breeze Resort Ass’n, 867 So.2d 1219 (Fla. 1st DCA 2004).
appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may permit the lower tribunal to render a final order.
Notably, the First District’s treatment of these orders as nonfinal and nonap-pealable leaves the hapless appellant in the very quandary that the supreme court endeavored to rectify in McGurn and West-gate: the appellant is unable to obtain review or a supersedeas of the order while the judgment creditor is able to pursue its collection by execution. This, certainly, was the reason for this court’s observation in Lombardo v. Haige, 971 So.2d 1037, 1040 (Fla. 2d DCA 2008), that “[w]e have considerable doubt about the correctness of [the Godshall ] holding because we cannot fathom how one can wait to appeal an order upon which execution can enter.”
The Third District has pursued an altogether different course. As mentioned in the McGum opinion, the Third District considers otherwise nonfinal judgments that are final in form to be final for purposes of invoking its appellate jurisdiction. See Del Castillo, 512 So.2d at 319. However, honoring the traditional prohibition against piecemeal review, it treats the issuance of a nonfinal order in final form as error because this forces the debtor to prematurely take an appeal — and thus to *663 seek piecemeal review — in order to protect the debtor’s rights. It summarily reverses [2] the judgment insofar as it is final in form and remands with instructions to enter an interlocutory order on the issues decided to date. It leaves any appellate issues related to the merits to be determined in a later appeal from the final judgment in the case. Molina v. Watkins, 824 So.2d 959, 964 (Fla. 3d DCA 2002); see also Investacorp, Inc. v. Evans, 88 So.3d 248 (Fla. 3d DCA 2011); Hugh F. Culverhouse, Jr., P.A. v. Barth, 699 So.2d 795 (Fla. 3d DCA 1997).
This approach has much to recommend it. It permits the judgment debtor to appeal the judgment and post a supersede-as bond to protect against execution, and it avoids piecemeal review of the case. But it suffers from a significant flaw: appeals from final judgments are plenary. As such, the scope of review includes any ruling that occurred prior to the filing of the notice of appeal. Fla. R.App. P. 9.110(h). By routinely limiting its review to the offending form of the appealed orders and deferring review of the merits, the Third District effectively treats them as appealable nonfinal orders even though no such nonfinal appeal has been authorized by the supreme court in rule 9.130. Arguably, this encroaches on the supreme court’s exclusive power to designate which nonfinal orders may be appealed.
More basically, it is not entirely clear whether it is proper to entertain appeals from orders that are final merely in form but not in substance. If the McGum court had actually adopted this view as a general proposition, the jurisdictional issue before it would have been easily resolved on that basis, and there would have been no need for the Westgate court to be concerned about the district courts’ disagreement over whether such an order is encompassed by the premature appeal rule. Moreover, the traditional test of finality is substantive. Especially considering that appellate jurisdiction turns on this substantive inquiry, it is questionable whether it can be evaded by a simple trick or happenstance of form.
We conclude that the most efficacious and conceptually defensible approach to orders such as these was proposed, if not fully explored, in our Lombardo decision. 971 So.2d 1037. Lombardo was filed as a second-tier certiorari proceeding, but we treated it as one seeking mandamus to compel reinstatement of a circuit court appeal that had been incorrectly dismissed as untimely. Id. at 1039. The county court order that was the subject of the appeal was an executable judgment for attorney’s fees and costs entered prior to the final judgment in the case. We posited that even if the First District’s Godshall was correct in holding that such orders are not appealable partial final judgments, an order permitting execution before the entry of a final judgment would be reviewable by certiorari. Ultimately, we issued a writ of mandamus directing the circuit court to reinstate the proceeding and to then consider whether the proper mechanism for reviewing the order was by certiorari. Id. at 1040.
Thus, Lombardo suggested two possible avenues for obtaining review of orders such as the one at issue here. First, with *664 out deciding the question, it posited that the order might be a partial final judgment, see id., consistent with the Third District’s view that orders that are final in form, at least insofar as they permit execution, are final for appellate purposes. But, as we have noted above, there are significant unanswered questions about the propriety of that approach.[3]
The other suggestion we made in Lom-bardo was that an executable judgment entered prior to rendition of the final judgment is reviewable by certiorari. See id. More recent developments in the Florida Supreme Court compel us to qualify this observation insofar as it is taken to mean that certiorari may be employed to review the merits of the nonfinal judgment. In 2012 the supreme court rejected the notion that certiorari may be invoked simply because there are strong policy reasons for permitting interlocutory review. “On the other hand, if strong policy reasons favor interlocutory review, this Court will direct that the categories of appealable non-final orders be expanded by amendment to the rules and not by expanding use of the common law writ of certiorari.” Citizens Prop. Ins. Corp. v. San Perdido Ass’n, Inc., 104 So.3d 344, 353 (Fla.2012); see also Keck v. Eminisor, 104 So.3d 359 (Fla.2012). It is clear, then, that we may not premise the exercise of our certiorari power on a policy determination that a judgment debtor whose assets are exposed to execution should not have its ability to obtain review of the judgment delayed.
Still, we continue to believe that certio-rari is available to review the form of an order, if not its underlying merits, insofar as it permits execution prior to rendition of an appealable final judgment. This notion does not rest on a policy determination that a litigant should be permitted an immediate review of an order if the order exposes the litigant’s assets to execution. Rather, it is premised on the question of whether an order properly may subject a litigant to execution at a time when the trial court litigation is incomplete and there is no available appellate remedy.
In order to employ certiorari to review a nonfinal order,
the appellate court must focus on the threshold jurisdictional question: whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm. See Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999) (using both terms when discussing this requirement). Assuming this requirement is met, the court must then determine whether the decision below departed from the essential requirements of law — something that is more than just a legal error. See Williams [v. Oken], 62 So.3d [1129, 1133 (Fla. 2011)] (“In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error.” (quot *665 ing Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995))).
San Perdido, 104 So.Bd at 351.
We can easily see that the order at issue here satisfies the two jurisdictional prongs of the certiorari test. By subjecting East Avenue to execution at a time when it has no appellate remedy and therefore cannot protect its assets by filing a supersedeas bond, the order places it in the very quandary that drove the supreme court’s decision in McGum. That a judgment debtor in such circumstances suffers a material injury that cannot be remedied by appeal from a final judgment was the very reason that, in the prejudgment interest context, McGum permitted the order to be treated as final for appellate purposes even though it was not truly final under the S.L.T. Warehouse test. And it was for this same reason that the Westgate court left that aspect of McGum intact.
The remaining question is whether the order at issue departed from the essential requirements of law insofar as it permitted execution prior to rendition of a truly appealable final judgment in the case. We conclude that it did.
Permitting execution prior to completion of the litigation before the trial court has long been characterized as improper by the appellate courts. Thus, in McGum the supreme court considered it improper for the trial court to issue an executable damages judgment while reserving the issue of prejudgment interest for later determination. See596 So.2d at 1044 (“It is improper for a trial judge to render an order which in all respects appears to be an ordinary final money judgment, but which leaves the determination of prejudgment interest for future adjudication.”). The reason was that an award of prejudgment interest was not ancillary to the subject matter of the litigation, as are attorney’s fees and costs awards, but was an element of the damages at issue in the case. Id. at 1044.
By definition, the same is true of any partial judgment that is not final under the S.L.T. Warehouse test because it resolves counts that are legally or factually interrelated with counts that remain pending. As the Del Castillo court stated:
As a general rule, a final judgment is deemed to be rendered, almost as a matter of definition, only when the court has disposed of the entire controversy in question. Just because this is the theoretical case, it is therefore improper to render an order in the form of an ordinary final money judgment, while con-tradictedly and simultaneously leaving an issue for future adjudication.
512 So.2d at 318-19 (footnotes omitted) (citations omitted); see also Pointer Oil, 293 So.2d at 390; Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA 1971); Fontainebleau Hotel Corp. v. Young, 162 So.2d 303 (Fla. 3d DCA 1964).
That this impropriety exceeds the level of mere legal error is evident in the unwonted lengths to which the supreme court in McGum and Westgate went to afford relief to the judgment debtor in the prejudgment interest context, i.e., by “deeming” such an order to be final and appeal-able even though it did not meet the test of finality. As we have observed, the seriousness of the error and the quandary it poses for the debtor are equally destructive outside the prejudgment interest context.
We are obliged to treat a request for an improper remedy as if the correct remedy had been requested. See Fla. R.App. P. 9.040(c). Therefore, we treat this appeal as a proceeding for a writ of certiorari. We grant the writ and quash the order under review.
*666 In so doing, we commend to the circuit court the McGum court’s observations about the proper kind of order that should be entered when adjudicating less than the entire cause:
[A] trial court may issue an interlocutory order specifying the amount of damages that are no longer in controversy and directing that further proceedings resolve the remaining issues. Only when the remaining issues are decided should a final order encompassing all of the damages, including those from the interlocutory order, be entered. Therefore, if it is desirable to determine prejudgment interest damages separate from the determination of other damages, the trial court may issue an interlocutory order setting forth the damages already determined. This would in effect liquidate those damages, if not already liquidated, and interest on those damages would start to accrue.
McGum, 596 So.2d at 1044. Similarly, Florida Rule of Civil Procedure 1.510(d), which provides for a summary judgment on less than the entire action, states:
(d) Case Not Fully Adjudicated on Motion. On motion under this rule if judgment is not rendered upon the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified shall be deemed established, and the trial or final hearing shall be conducted accordingly.
(Emphasis supplied.) See also Molina, 824 So.2d at 964.
Petition for writ of certiorari granted; judgment quashed.
DAVIS, C.J., and WALLACE, J., Concur.

. Florida Rule of Appellate Procedure 9.110(Z) provides:
(Z) Premature Appeals. If a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, if a final order is rendered before dismissal of the premature

. Florida Rule of Appellate Procedure 9.315(b) provides for summary reversals as follows:
(b). Summary Reversal. After service of the answer brief in appeals under rule 9.110, 9.130, or 9.140, or after service of the reply brief if a cross-appeal has been filed, the court may summarily reverse the order to be reviewed if the court finds that no meritorious basis exists for affirmance and the order otherwise is subject to reversal.

. We acknowledge that this court has treated as final and appealable a premature judgment that was final in form, citing Del Castillo. Rollins Fruit Co. v. Wilson, 923 So.2d 516 (Fla. 2d DCA 2005). However, the judgment at issue there was a premature judgment for attorney’s fees, which as McGum noted, are considered ancillary to and therefore incidental to the main adjudication. Thus, arguably it did not present the same jurisdictional concerns as a judgment that adjudicates a substantive claim while leaving legally or factually interrelated claims pending. In contrast, in Norris v. Paps, 615 So.2d 735 (Fla. 2d DCA 1993), we treated a final foreclosure judgment as nonfinal where the trial court had severed the defendants’ compulsory counterclaim for later determination. We reviewed the foreclosure judgment by certiorari.