SLEET, Judge.
Innovision Practice Group, P.A., (Innovision) appeals a partial final judgment entered in favor of Branch Banking and Trust Company (BB & T). For the reasons explained below, we treat the appeal as a petition for writ of certiorari, grant the petition, and quash the partial final judgment.
Innovision obtained a business loan from BB & T. When Innovision defaulted on the business loan, BB & T filed a seven-count complaint against Innovision; five counts of which pertained to the business loan. Innovision filed an'answer that included two counterclaims. Subsequently, the trial court entered a partial final judgment on count one, which pertained to the business loan. The partial final judgment included the language “for all of which sums let execution issue.”
Innovision attempts to appeal the partial final judgment. However, the judgment is not final or appealable because count one is interrelated with the remaining counts pending before the trial court. See S.L.T. Warehouse v. Webb, 304 So.2d 97, 100 (Fla.1974). The fact that the judgment authorizes execution is problematic; while BB & T may seek enforcement of the judgment, Innovision may not obtain review until the trial court renders a final order. For the reasons explained in East Avenue, LLC v. Insignia Bank, 136 So.3d 659, 2014 WL 185205 (Fla. 2d DCA Jan. 17, 2014), we treat the appeal as a petition for writ of certiorari.
The facts of this case are nearly identical to the facts in East Avenue. In East Avenue, we held that the amended summary final judgment was not appealable because it resolved only three counts of a multicount complaint while other factually and legally interrelated counts remained pending before the trial court. Id. The judgment contained language authorizing execution, which allowed Insignia to enforce the judgment and left East Avenue unable to seek appellate review. Id. We concluded that in this situation, “certiorari is available to review the form of an order, if not its underlying merits, insofar as it permits execution prior to rendition of an appealable final judgment.” Id. at 664. *503 We held that the requirements of certiora-ri were satisfied because East Avenue was materially injured and the injury could not be remedied on appeal and that the trial court departed from the essential requirements of law when it let execution issue on the judgment while other interrelated claims remained pending before the court. Id. at 665. Ultimately, we granted the petition and quashed the judgment. Id.
Here, it is apparent that the jurisdictional requirements of certiorari are met. Innovision is materially injured because BB & T can enforce the judgment while Innovision is unable to obtain appellate review of the judgment. See id. Furthermore, the trial court departed from the essential requirements of law when it authorized execution of the partial final judgment while interrelated claims remained pending before the trial court. Id. Therefore, we grant the petition and quash the partial final judgment.[1]
Petition for writ of certiorari granted; judgment quashed.
VILLANTI and WALLACE, JJ., Concur.

. In East Avenue, this court noted the proper kind of order that should be entered when adjudicating less than the entire cause. East Avenue, 136 So.3d 659, 2014 WL 185205, 39 Fla. L. Weekly D179. A trial court may enter an interlocutory order that specifies the amount of damages that are no longer in controversy and direct that the remaining issues be resolved. Id. at-, at D181. Once the remaining issues are resolved, then the trial court can enter a final order encompassing all damages. Id. A trial court may also enter an order pursuant to Florida Rule of Civil Procedure 1.510(d).