NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FLORIDA INSURANCE GUARANTY           )
ASSOCIATION,                          )
                                      )
            Petitioner,               )
                                      )
v.                                    )          Case No. 2D13-5609
                                      )
CHAD MURPHY & LORRAINE MURPHY,        )
                                      )
            Respondents.              )
_____)

Opinion filed April 10, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Pasco County; Stanley R. Mills,
Judge.

Helen Klein of Conroy, Simberg, Ganon,
Krevans, Abel, Lurvey, Morrow & Schefer,
P.A., Hollywood, for Petitioner.

George A. Vaka and Nancy A. Lauten of
Vaka Law Group, Tampa, and Neil O'Brien
of the Law Offices of Joseph Porcelli, New
Port Richey, for Respondents.

SLEET, Judge.

The Florida Insurance Guaranty Association (FIGA) seeks certiorari

review of the trial court's order granting Chad and Lorraine Murphy's motion for partial

summary judgment as to liability and damages associated with subsurface repair costs in the Murphys' action against FIGA stemming from a sinkhole claim. For the reasons discussed below, we grant the petition for writ of certiorari and quash the trial court's partial summary judgment.

On February 28, 2010, the Murphys filed a claim for sinkhole damage with Homewise Preferred Insurance Company for insurance policy benefits under their homeowner's policy. In November 2011, Homewise became insolvent and FIGA became statutorily obligated to handle the claims of Homewise pursuant to the Florida Insurance Guaranty Association Act. See §§ 631.50-.70, Fla. Stat. (2011). In July 2012, the Murphys sued FIGA for breach of the insurance policy, alleging that FIGA failed to acknowledge a covered loss and failed to pay insurance benefits due and owing. The Murphys sought money damages for both cosmetic and subsurface repairs to their home.

Both parties filed motions for summary judgment. The trial court granted partial summary judgment in favor of the Murphys on FIGA's liability on the subsurface damages and repair costs, but the order specifically noted that the cost of cosmetic repairs remained in dispute. As such, "under traditional rules of finality," the order is not a final, appealable order. See E. Ave., LLC v. Insignia Bank, 136 So. 3d 659, 661 (Fla. 2d DCA 2014). The cost of cosmetic repairs is not a separate claim. And the trial court should determine both cosmetic and subsurface damages and render a final judgment. Nonetheless, the order contains language that authorizes execution. As such, review by certiorari is proper. Id. at 664 ("[C]ertiorari is available to review the form of an order . . . insofar as it permits execution prior to rendition of an appealable final judgment.

This notion . . . is premised on the question of whether an order properly may subject a litigant to execution at a time when the trial court litigation is incomplete and there is no available appellate remedy.").

> A petitioner seeking a writ of common law certiorari "must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995). Elements two and three constitute a jurisdictional test, and "[i]f the jurisdictional prongs of the standard three-part test are not fulfilled, then the petition should be dismissed rather than denied." Id. at 649.

Rogan v. Oliver, 110 So. 3d 980, 982 (Fla. 2d DCA 2013) (alteration in original).

> Furthermore,
>
> before certiorari can be used to review [nonfinal] orders, the appellate court must focus on the threshold jurisdictional question: whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm. Assuming this requirement is met, the court must then determine whether the decision below departed from the essential requirements of law—something that is more than just a legal error.

Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 351 (Fla. 2012) (citation omitted), quoted in E. Ave., 136 So. 3d at 664.

Here, the jurisdictional prongs are satisfied because while the Murphys may seek execution of the judgment, FIGA may not obtain review until the trial court renders a final order. See E. Ave., 136 So. 3d at 665 (concluding "that the order at issue here satisfies the two jurisdictional prongs of the certiorari test" because it "subject[ed] East Avenue to execution at a time when it ha[d] no appellate remedy and therefore [could not] protect its assets by filing a supersedeas bond"). Furthermore,

allowing execution on the judgment prior to entry of a final, appealable order is a departure from the essential requirements of law. Id. ("The remaining question is whether the order at issue departed from the essential requirements of law insofar as it permitted execution prior to rendition of a truly appealable final judgment in the case. We conclude that it did.").

Accordingly, we grant the petition for writ of certiorari and quash the trial court's order of partial summary judgment.

Petition granted; order quashed.


WALLACE and LaROSE, JJ., Concur.