NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

INTEGRALE INVESTMENTS, LLC, a
Florida limited liability company; and
KEITH KNUTSSON, an individual,

      Petitioners,

v.

MATTHEW P. HOFFMAN, an
individual; and PCGL, LLC, a Florida
limited liability company,

      Respondents.

Case No. 2D15-5757

Opinion filed February 10, 2017.

Petition for Writ of Certiorari to the
Circuit Court for Hillsborough County;
Stephen Scott Stephens, Judge.

Steven L. Brannock, Ceci Culpepper
Berman, and Joseph T. Eagleton of
Brannock & Humphries, Tampa; and G.
Wrede Kirkpatrick of Hines Norman Hines,
P.A., Tampa, for Petitioners.

Ginger Barry Boyd of Broad and Cassel,
Destin; and Kenneth G.M. Mather of
Gunster, Yoakley & Stewart, P.A., Tampa,
for Respondent Matthew P. Hoffman.

No appearance for Respondent PCGL,
LLC.

LaROSE, Judge.

Pursuant to <u>East Avenue, LLC v. Insignia Bank</u>, 136 So. 3d 659, 665 (Fla. 2d DCA 2014), we quash the trial court's partial final judgment.

The trial court issued an order granting partial final judgment. The order reserves jurisdiction to decide an interrelated claim in the complaint. Yet, the order allows execution to issue.

"Permitting execution prior to completion of the litigation before the trial court has long been characterized as improper by the appellate courts." <u>Id.</u> Because the order is a nonfinal, nonappealable order but authorizes execution, it departs from the essential requirements of law. <u>Id.</u>

Petition for writ of certiorari granted; judgment quashed.

WALLACE and LUCAS, JJ., Concur.