# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-923
Lower Tribunal No. 19-7413
_____

## People's Trust Insurance Company,
Appellant,

vs.

## Enrique Gonzalez,
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Cole Scott & Kissane, P.A., and David C. Borucke (Tampa), for appellant.

Marin, Eljaiek, Lopez, & Martinez, P.L., and Steven E. Gurian, for appellee.


Before FERNANDEZ, LOGUE, and LOBREE, JJ.


ON MOTION TO DISMISS

LOGUE, J.

This matter is before us on Appellee Enrique Gonzalez's motion to dismiss. This is a first-party insurance case. The June 17, 2020 order under review requires People's Trust Insurance Company to pay Gonzalez $70,800 for fire damage to his building within ten days of the date of the order. The order, however, leaves unresolved other, factually related claims including one for fire damage to personal property.

Because the order does not complete the judicial labor in the trial court on factually related matters, we agree with Gonzalez that the order under review does not qualify as a partial final judgment, which would be appealable as a final order. See Fla. R. Civ. P. 9.110(k). We also agree with Gonzalez that the order is not on the list of non-final orders authorized by the Supreme Court to be appealed on an interlocutory basis. See Fla. R. Civ. P. 9.130. For this reason, Gonzalez is eminently correct that we lack jurisdiction to hear an appeal of this order at this time.

However, precisely because the order as written requires a party to pay but allows no avenue to appeal, the order is subject to review through a petition for certiorari. Courts have consistently found that an order resolving only part of a civil lawsuit by requiring a party to make an interim payment while leaving intertwined factual matters unresolved presents the type of irreparable harm remediable by issuance of a writ of certiorari. See, e.g., Team Richco, LLC v. Rapid Sec. Sols., LLC, 290 So. 3d 629, 630 (Fla. 2d DCA 2020) (issuing writ and quashing partial

2

judgment that results in "irreparable injury where it authorizes execution prior to entry of a final, appealable order"); <u>East Ave., LLC v. Insignia Bank</u>, 136 So. 3d 659, 665 (Fla. 2d DCA 2014) (same).

As was done in these cases, we are bound to treat Appellant's filing as seeking the correct remedy. <u>See</u> Fla. R. Civ. P 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought . . . ."). Accordingly, we treat People's Trust's initial brief as a petition for writ of certiorari. Enrique Gonzalez shall file a response within 20 days from the date of this order.

Motion to dismiss denied.