# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-923
Lower Tribunal No. 19-7413
_____

**People's Trust Insurance Company,**
Petitioner,

vs.

**Enrique Gonzalez,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Cole Scott & Kissane, P.A., and David C. Borucke (Tampa), for petitioner.

Marin, Eljaiek, Lopez, & Martinez, P.L., and Steven E. Gurian, for respondent.

Before FERNANDEZ, LOGUE, and LOBREE, JJ.

ON PETITION FOR CERTIORARI

LOGUE, J.

In this first party insurance case, People's Trust Insurance Company, the defendant below, appeals an order granting partial summary judgment and directing it to pay Enrique Gonzalez $70,800 for fire damage to his house within ten days of the date of the order. The order, however, leaves unresolved other, factually related claims including one for fire damage to personal property. Because the order does not complete the judicial labor in the trial court on factually related matters, the order under review does not qualify as a partial final judgment, which would be appealable as a final order. See Fla. R. Civ. P. 9.110(k). At the same time, the order is not on the list of non-final orders authorized by the Supreme Court to be appealed on an interlocutory basis. See Fla. R. Civ. P. 9.130. For this reason, we previously informed the parties that the matter would be treated as a petition for certiorari and ordered responses accordingly.

"To grant certiorari relief, there must be: '(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.'" Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012)). Courts have consistently found that an order resolving only part of a civil lawsuit by requiring a party to make an interim

2

payment while leaving intertwined factual matters unresolved presents the type of irreparable harm and departure from the essential requirements of the law remediable by issuance of a writ of certiorari. See, e.g., Team Richco, LLC v. Rapid Sec. Sols., LLC, 290 So. 3d 629, 630 (Fla. 2d DCA 2020) (issuing writ and quashing partial judgment that results in "irreparable injury where it authorizes execution prior to entry of a final, appealable order"); East Ave., LLC v. Insignia Bank, 136 So. 3d 659, 665 (Fla. 2d DCA 2014) (same).

Petition granted; the portions of the order that require payment prior to the entry of a final judgment are quashed.