# Third District Court of Appeal

## State of Florida

Opinion filed April 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1889
Lower Tribunal No. 19-2350
_____

**American Franchise Group LLC and Juan Gervas,**
Petitioners,

vs.

**Philippe Gastone,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson and Annabel C. Majewski; Michael Lascelle, P.A., and Jeffrey S. Greenhaus, for petitioners.

Espino Law, P.L., and Monica Espino, for respondent.

Before SCALES, HENDON, and MILLER, JJ.

HENDON, J.

The defendants below, American Franchise Group LLC ("American

Franchise") and Juan Gervas ("Gervas") (collectively, "Petitioners"), petition this Court for a writ of certiorari, seeking to quash the trial court's partial summary judgment entered in favor of the plaintiff below, Philippe Gastone ("Gastone"), as to Count I of his multi-count operative complaint based on admissions deemed admitted, which order contains language authorizing immediate execution—"for which sums let execution issue forthwith."[1] For the reasons that follow, we grant the petition and quash the portion of the partial summary judgment authorizing immediate execution.

## I. Factual and Procedural Background

Gastone filed suit against American Franchise and Gervas stemming from Gastone's employment. In the operative complaint, Gastone asserted the following counts: Count I—unpaid wages against American Franchise; Count II—minimum wage violations under section 448.110 against American Franchise and Gervas; Count III—minimum wage violations under the Fair Labor Standards Act against American Franchise and Gervas; Count IV—breach of contract against American Franchise and Gervas; Count V—unjust enrichment against American Franchise and Gervas.

Gastone propounded requests for admissions on both American

---

[1] The judgment is titled, "Final Summary Judgment." However, as it only adjudicates Count I of the operative complaint, the judgment is a partial summary judgment.

Franchise and Gervas. Thereafter, American Franchise and Gervas filed separate answers and affirmative defenses, denying material allegations.

Gastone filed a motion to deem admissions as admitted based on American Franchise's and Gervas' failure to respond to the request for admissions within the thirty-day deadline set forth in Florida Rule of Civil Procedure 1.370.[2] Thereafter, American Franchise and Gervas filed a "Notice of Serving Responses to Plaintiff's First Request for Admissions, Response to Motion to Deem Admissions Admitted, and Motion for Relief from Technical Admissions." In his response, Gervas denied each request for admission, stating that he was a stranger to the alleged transaction, and American Franchise denied all but one request with explanations.

A few weeks later, the trial court conducted a hearing on Gastone's motion to deem admissions admitted. Although the Petitioners had already filed their separate responses to the request for admissions, the trial court entered an order granting Gastone's motion to deem admission admitted and found that there was no evidence on the record that contradicts the technical

---

[2] In relevant part, rule 1.370 provides: "The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow[.]"

3

admissions. Thereafter, the trial court entered an order clarifying that it was denying the Petitioners' motion for relief from technical admissions.

Gastone then filed a verified motion for summary judgment, seeking a judgment as to Count I of the operative complaint. Gastone asserted that all matters have been admitted and there are no issues of material fact. In opposition, the Petitioners asserted that despite the trial court's ruling granting the motion to deem admissions admitted, the record contains factual opposition constituting material disputed facts, and therefore, the motion for summary judgment must be denied.

Following a hearing, the trial court granted the motion for summary judgment, finding that the Petitioners failed to present any evidence contradicting the technical admissions. Thereafter, the trial court entered a partial summary judgment against the Petitioners, joint and severally, awarding monetary damages to Gastone, "for which sums let execution issue forthwith." The trial court denied the Petitioners' motion for rehearing, and this petition for writ of certiorari followed.

The Petitioners argue that the trial court departed from the essential requirements of law by entering the partial summary judgment as to Count I based solely on the technical admissions where the pleadings and record evidence allegedly contradict the technical admissions and no prejudice has

4

been demonstrated. We do not reach the merits of this argument, but grant the petition for writ of certiorari and quash the portion of the partial summary judgment authorizing immediate execution.

## II. Analysis

To obtain relief by petition for writ of certiorari, a petitioner must "demonstrate a departure from the essential requirements of the law which results in a material injury for which there is no adequate remedy on appeal." State v. Hernandez, 278 So. 3d 845, 848 (Fla. 3d DCA 2019) (quoting State v. Styles, 962 So. 2d 1031, 1032 (Fla. 3d DCA 2007)). The requirements of material injury for which there is no adequate remedy on appeal are jurisdictional. Hernandez, 278 So. 3d at 848; East Ave., LLC v. Insignia Bank, 136 So. 3d 659, 664 (Fla. 2d DCA 2014).

In People's Trust Insurance Co. v. Gonzalez, 46 Fla. L. Weekly D287 (Fla. 3d DCA Feb. 3, 2021), this Court treated People's Trust notice of appeal as a petition for writ of certiorari. The order under review granted partial summary judgment in favor of the insured, Enrique Gonzalez, ordering People's Trust to pay Gonzalez monetary damages within ten days of the date of the order. As in the instant case, the order entered in People's Trust left other factually related claims unresolved.

In People's Trust, this Court granted the petition for writ of certiorari

5

and quashed the portion of the partial summary judgment that requires payment prior to the entry of a final judgment. In doing so, this Court stated:

> Courts have consistently found that an order resolving only part of a civil lawsuit by requiring a party to make an interim payment while leaving intertwined factual matters unresolved presents the type of irreparable harm and departure from the essential requirements of the law remediable by issuance of a writ of certiorari. See, e.g., Team Richco, LLC v. Rapid Sec. Sols., LLC, 290 So. 3d 629, 630 (Fla. 2d DCA 2020) (issuing writ and quashing partial judgment that results in "irreparable injury where it authorizes execution prior to entry of a final, appealable order"); East Ave., LLC v. Insignia Bank, 136 So. 3d 659, 665 (Fla. 2d DCA 2014) (same).

Accordingly, we grant the petition for writ of certiorari and quash the portion of the partial summary judgment authorizing immediate execution.

Petition granted; portion of the partial summary judgment authorizing immediate execution quashed.