# Third District Court of Appeal
## State of Florida

Opinion filed June 23, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-355
Lower Tribunal No. 19-3418
_____

**Kratos Holdings, LLC, a/k/a VIP Leasing,**
Petitioner,

vs.

**Direct Investments International, LLC, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Brodsky Fotiu-Wojtowicz, PLLC, and Benjamin H. Brodsky, for petitioner.

Brady Law Firm, P.A., and William Brady, Jr., for respondents.

Before HENDON, MILLER, and LOBREE, JJ.

HENDON, J.

The defendant below, Kratos Holdings, LLC, a/k/a VIP Leasing

("Petitioner" or "Defendant"), petitions this Court for a writ of certiorari, seeking to quash the trial court's partial summary judgment entered in favor of the plaintiffs below, Direct Investments International, LLC, and Corenet Holdings, Ltd. (collectively, "Respondents" or "Plaintiffs"), allowing immediate execution of the monetary award. For the reasons that follow we grant the petition and quash the portion of the partial summary judgment authorizing immediate execution.

The Respondents filed suit against the Petitioner, seeking to enforce a settlement agreement. The settlement agreement required the Petitioner to make installment payments on certain dates to the Respondents' counsel's trust account, to either immediately deliver proceeds from the sale of specifically listed luxury vehicles to the Respondents' counsel's trust account, and to deliver assignment of motor vehicle lienholder documents for other specifically listed luxury vehicles to Corenet Holdings. Count I of the amended complaint relates to the Petitioner's alleged failure to make the certain installment payments due under the settlement agreement, and Counts II through VII relate to the Petitioner's alleged failure to comply with the settlement agreement regarding specifically listed luxury vehicles— either paying sums to the Respondents' counsel upon the sale of specifically listed luxury vehicles and to deliver assignment of motor vehicle

2

lienholder documents for other specifically listed luxury vehicles. All counts stem from the Respondents' attempt to enforce the settlement agreement.

The Respondents filed a motion for partial summary judgment as to Count I of the amended complaint relating to the Petitioner's failure to remit the installment payments. The trial court granted the Respondents' motion for partial summary judgment and entered an "Executable Money Judgment" in favor of the Respondents in the amount of $288,239.99, plus an additional $44,475.43 in pre-judgment interest, "for which let execution issue forthwith and without delay." In paragraph 17 of the Executable Money Judgment, the trial court stated:

> Pursuant to Florida Rule of Civil Procedure 1.510(d) and given that the Plaintiff[s'] Amended Complaint has asserted additional affirmative claims seeking non-monetary damages, the Court holds that this case is not fully adjudicated upon the Plaintiffs' Motion for Partial Summary Judgment and shall retain jurisdiction over this cause for determination of these affirmative and un-adjudicated claims, along with any defenses *which the Defendant may lodge against the same, by the Court or the trier of fact* consistent herewith.
>
> The Court directs the Clerk of Court to maintain this case in an active and open status pursuant to the directives contained in the above referenced paragraph.

(emphasis in original).[1]

---

[1] Contrary to the trial court's finding in paragraph 17, in the remaining counts (Counts II through VII), the Respondents sought either a specific amount of monetary damages or "compensatory damages" arising from the breach of the settlement agreement.

Following the entry of the Executable Money Judgment, the Petitioner filed a notice of appeal. Thereafter, this Court ordered the Petitioner, in light of paragraph 17, to show cause why the appeal should not be dismissed as taken from a non-final, non-appealable order granting partial summary judgment. In response to the show cause order, rather than pursuing its appeal, the Petitioner filed a petition for writ of certiorari, seeking to quash the Executable Money Judgment.

To obtain certiorari relief, the petitioner must establish "(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law." People's Tr. Ins. Co. v. Gonzalez, 46 Fla. L. Weekly D287 (Fla. 3d DCA Feb. 3, 2021). The requirement of establishing irreparable harm is jurisdictional. See Am. Franchise Grp. LLC v. Gastone, 46 Fla. L. Weekly D779 (Fla. 3d DCA Apr. 7, 2021).

In People's Trust, the trial court granted partial summary judgment in favor of Gonzalez and ordered People's Trust to pay Gonzalez monetary damages within ten days of the date of the order. The order, however, left other factually related claims unresolved. This Court treated People's Trust's notice of appeal as a petition for writ of certiorari, and granted the petition for writ of certiorari and quashed the portion of the order requiring

4

payment prior to the entry of a final judgment.  In granting People's Trust's petition, this Court stated:

> Courts have consistently found that an order resolving only part of a civil lawsuit by requiring a party to make an interim payment while leaving intertwined factual matters unresolved presents the type of irreparable harm and departure from the essential requirements of the law remediable by issuance of a writ of certiorari. See, e.g., Team Richco, LLC v. Rapid Sec. Sols., LLC, 290 So. 3d 629, 630 (Fla. 2d DCA 2020) (issuing writ and quashing partial judgment that results in "irreparable injury where it authorizes execution prior to entry of a final, appealable order"); East Ave., LLC v. Insignia Bank, 136 So. 3d 659, 665 (Fla. 2d DCA 2014) (same).

People's Tr., 46 Fla. L. Weekly D287.

In the instant case, although each count in the operative complaint relates to the Petitioner's alleged failure to perform its obligations as set forth in the settlement agreement, all counts stem from the Respondents' attempt to enforce the parties' settlement agreement.  Thus, we concluded that the partial summary judgment left intertwined factual matters unresolved.  As such, we grant the petition for writ of certiorari and quash the portion of the partial summary judgment authorizing immediate execution.

Petition granted; portion of the partial summary judgment authorizing immediate execution quashed.