DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PRO-KARTING EXPERIENCE, INC.,
a Florida for-profit corporation,

Petitioner,

v.

34TH STREET, LLC,
a Florida limited liability company,

Respondent.

No. 2D22-2577
_____

January 12, 2024

Petition for Writ of Certiorari to the Circuit Court for Pinellas County;
Thomas M. Ramsberger, Judge.

Brandon T. Holmes of Dinsmore & Shohl LLP, Tampa; Jason S. Lambert
and Tyler C. Troyer of Hill, Ward & Henderson, P.A., Tampa (withdrew
after briefing); and Jay L. Farrow of Farrow Law P.A., Coral Gables
(substituted as counsel of record), for Petitioner.

Walter Sowa, III of The Law Office of Walter Sowa, III, PL, Bradenton, for
Respondent.


SILBERMAN, Judge.

In this dispute involving a commercial lease, 34th Street, LLC (the
Landlord), filed an eight-count complaint against Pro-Karting Experience,
Inc. (the Tenant).  The Tenant seeks certiorari review of a writ of
possession entered in favor of the Landlord.  The Tenant also seeks

review of a prior "Order Granting Plaintiff's Verified Motion for Partial Summary Judgment for failure to Pay Property Taxes" (the Order), which directs the Tenant to pay $104,409.75; however, the parties dispute whether this court has jurisdiction to review that order. We conclude that we lack jurisdiction to review the Order because the petition was untimely filed and that the challenge to the writ of possession has become moot by a subsequent order. Therefore, we dismiss the Tenant's petition for writ of certiorari.

On May 10, 2022, the trial court issued the Order, and the Tenant filed a motion for rehearing. Subsequently, the Landlord filed a "Motion for Contempt, Eviction, and Entry of Judgment for Failure to Pay Property Taxes Pursuant to Court Order" (Motion for Contempt). The Landlord also sought a writ of possession. On August 8, 2022, the Tenant filed its Emergency Motion to Stay Issuance of Writ of Possession (Motion to Stay) and sought to have it heard on an emergency basis. The trial court did not address the Motion to Stay before it issued a writ of possession on August 9, 2022. The Tenant then filed its certiorari petition on August 10, 2022.

This court granted a provisional stay of the writ of possession until the trial court formally ruled on the pending Motion to Stay. After a hearing, the trial court granted the Motion to Stay in an order rendered on August 22, 2022. In doing so, the trial court acknowledged that the Tenant had deposited $117,026.53 into the court registry. On reconsideration, the trial court denied the Motion for Contempt and the Landlord's requests for a writ of possession without prejudice to the Landlord's ability to seek such a writ "on different grounds at a later date." Based on its ruling, the trial court declared that "the Writ of

2

Possession dated August 9, 2022 is void ab initio and shall have no legal effect."

As the Landlord argued in its response to the certiorari petition, the August 22, 2022, order reconsidering the request for a writ of possession and declaring the writ of possession void ab initio rendered the challenge to the writ of possession moot. The Tenant has not disputed the Landlord's argument on this point. Therefore, as to the writ of possession, we dismiss the Tenant's certiorari petition as moot.

Turning to the Order granting partial summary judgment, the Landlord filed its motion for partial summary judgment on count four which alleged breach of the parties' lease for failure to pay property taxes and count seven for eviction. The Tenant raised numerous affirmative defenses, including setoff of damages. The Order directed the Tenant to pay the property taxes to the Landlord by a date certain but specifically acknowledged remaining judicial labor on the case.

The Tenant contends that the Order must be treated as a final order subject to rehearing and appeal. Because the Order directs the Tenant to pay $104,409.75 to the Landlord on or before June 10, 2022, the Tenant argues that the Order has the attributes of a final order and should be treated as a money judgment. The Tenant asserts that it has no ability to challenge the monetary judgment if it is not treated as a final order.

The Landlord argues that the Order is nonfinal and that the Tenant's motion for rehearing did not suspend rendition of the Order filed on May 10, 2022; thus, the petition for certiorari filed on August 10, 2022, is untimely, and this court lacks jurisdiction to review the Order. The Tenant did not file a reply to the Landlord's response. We agree with

the Landlord that the petition was not timely filed and that we lack jurisdiction to review the Order.

East Avenue, LLC v. Insignia Bank, 136 So. 3d 659 (Fla. 2d DCA 2014), which the Tenant relies upon, does not control the outcome here. In East Avenue, this court treated a direct appeal from an amended summary judgment for damages on some counts of a multi-count complaint as a certiorari proceeding. Id. at 660-61. Because there were pending counts that were factually and legally interrelated, the judgment was not final or appealable "under traditional rules of finality." Id. at 661 (citing S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974)). The "wrinkle" in East Avenue was that the judgment had "language authorizing execution." Id. Therefore, a "strict application of the S.L.T. Warehouse finality criteria would leave East Avenue exposed to enforcement of the judgment at a time when it cannot obtain review of it and, importantly, it cannot shield its assets from execution by posting an appellate supersedeas bond." Id.

This court reasoned "that certiorari is available to review the form of an order, if not its underlying merits, insofar as it permits execution prior to rendition of an appealable final judgment." Id. at 664; see also Mohler v. Elliott, 332 So. 3d 1120, 1121-22 (Fla. 2d DCA 2022) (same). Because the summary judgment order in East Avenue "permitted execution prior to rendition of a truly appealable final judgment in the case," this court determined that certiorari relief was appropriate. 136 So. 3d at 665; see also Team Richco, LLC v. Rapid Sec. Sols., LLC, 290 So. 3d 629, 631 (Fla. 2d DCA 2020) (quashing a partial summary judgment that allowed execution but not reaching the merits because, " 'under traditional rules of finality,' the partial summary judgment was not final or appealable" (quoting E. Ave., 136 So. 3d at 661)); Innovision Prac. Grp.,

*P.A. v. Branch Banking & Tr. Co.*, 135 So. 3d 501, 502 (Fla. 2d DCA 2014) (relying upon *East Avenue* and noting that certiorari review was available because"[t]he partial final judgment included the language 'for all of which sums let execution issue' ").

Here, the Order does not contain the language "for all of which sums let execution issue" or similar wording that allowed for certiorari review in the cases cited above. Although the Order directs the Tenant to pay the Landlord by a date certain, the Order states that it is *granting a motion* for partial summary judgment and does not contain language authorizing execution on a judgment. Thus, the present case is distinguishable from *East Avenue* and its progeny.

In addition, the trial court here specifically contemplated further judicial labor. For example, the Order states the following: "This ruling is without prejudice to the [Tenant]'s right to seek any setoffs that may be adjudicated later. This Order does not make any decision as to whether to allow or deny any setoffs." Thus, judicial labor remains, and the Order is clearly a nonfinal order. *See Dep't of Bus. & Pro. Regul. v. Fla. Ass'n of Wholesale Distribs., Inc.*, 198 So. 3d 981, 984 (Fla. 2d DCA 2016) ("Here, the circuit court's order clearly articulates further judicial labor to be performed in the future and, therefore, remains a nonappealable, nonfinal order.").

Further, *East Avenue*, *Mohler*, *Team Richco*, and *Innovision* did not involve any issue relating to the effect of a motion for rehearing on the timeliness of a party's attempt to obtain review of an order. "The characterization of an order on review as final or non-final has jurisdictional consequences." *Guglielmi v. Guglielmi*, 324 So. 3d 554, 556, 557 (Fla. 1st DCA 2021) ("Because that [temporary] modification order is not a final order, even our recharacterizing the subsequent

5

motion to vacate as a motion for rehearing would be of no help to the former wife."). Only "authorized and timely filed" motions for rehearing can toll rendition of an order. Fla. R. App. P. 9.020(h)(1)(B). When a motion for rehearing is directed to a nonfinal order, it "is not an authorized motion." *Guglielmi*, 324 So. 3d at 557 (citing *Wagner v. Bieley, Wagner & Assocs.*, 263 So. 2d 1, 4 (Fla. 1972)).

A petition for writ of certiorari "shall be filed within 30 days of rendition of the order to be reviewed." Fla. R. App. P. 9.100(c)(1). "[A]n untimely petition for writ of certiorari is ineffective to confer jurisdiction on the appellate court." *Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1228 (Fla. 1st DCA 2008). The Tenant has pointed us to no rule that tolls rendition based on a motion for rehearing of a nonfinal order for which certiorari relief is sought.

Therefore, the petition filed approximately three months after the Order was rendered is untimely, and this court lacks jurisdiction to review the Order in this certiorari proceeding. We note that if for any reason this challenge to the Order were considered the appeal of a nonfinal order under Florida Rule of Appellate Procedure 9.130, the motion for rehearing likewise does not toll rendition of the Order. *See Guglielmi*, 324 So. 3d at 557 (reiterating that "a motion for rehearing directed to a non-final order is not an authorized motion and 'cannot operate to toll the time for filing an interlocutory appeal' " (quoting *Wagner*, 263 So. 2d at 4)). Thus, as to the Order, we dismiss the petition for lack of jurisdiction as untimely filed.

Dismissed in part as moot; dismissed in part as untimely filed.

LaROSE and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.